ABERCROMBIE & FITCH COMPANY, Respondent, *v.* SIDNEY J. COLFORD, JR., Appellant.

Supreme Court, Appellate Term, First Department, April 11, 1924.

Judgments — summary judgment — action against husband for necessaries furnished to wife — affidavits insufficient under Rules of Civil Practice, rule 113, to warrant summary judgment for plaintiff — answer raises issue.

In an action for the agreed price and reasonable value of goods alleged to be necessaries supplied to defendant's wife a motion by the plaintiff for summary judgment should be denied where the complaint is verified by the assistant secretary of the plaintiff who swears that the same is true to his own knowledge except as to matters stated to be alleged upon information and belief, and a formal affidavit by the plaintiff's attorney in which he swears that the goods were delivered to the defendant's wife and that the answer presents no triable issue but does not state the ground of his personal knowledge, for such affidavits are insufficient under rule 113 of the Rules of Civil Practice.

Moreover, even if the moving papers had presented a *prima facie* case for the granting of summary judgment the answer filed by the defendant supported and explained by his affidavit would entitle him to defend.

APPEAL by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, ninth district, denying defendant's motion to vacate a judgment entered upon an order granting, on default, plaintiff's motion for summary judgment.

*Wellman, Smyth & Scofield* (*Frederick W. Bisgood*, of counsel), for the appellant.

*Kamen & Ostertag* (*Sol S. Ostertag*, of counsel), for the respondent.

*Per Curiam.* Plaintiff sues for the agreed price and reasonable value of goods alleged to be necessaries supplied to defendant's wife. Defendant denies knowledge or information sufficient to

form a belief as to all the allegations of the complaint except the incorporation of the plaintiff. His affidavit shows that his wife had been living separate and apart from him for two years prior to the sale of these goods and that they were divorced at about the time of this sale; that he does not know whether the delivery of these goods was before or after the divorce; that he does not know whether the goods were bought by or delivered to his wife. The affidavit submitted by plaintiff in support of the allegations of the complaint is a formal one made by the attorney for the plaintiff. He swears " that this action is brought to recover $101.15 with interest on account of certain wearing apparel consisting of necessaries, delivered to the defendant's wife  *  *  *. There is no specific denial of any of the items set forth in plaintiff's schedule, nor is there even a denial of any of the allegations contained in plaintiff's complaint. The answer herein presents no triable issue, and there is no merit whatever to the defense." It does not appear from the affidavit upon what ground the deponent states as of his personal knowledge that these goods were " delivered to the defendant's wife," and his conclusion that the answer presents no triable issue is clearly wrong. The complaint itself is verified by the assistant secretary, who swears in the usual form that the same is true to his own knowledge except as to matters stated to be alleged upon information and belief. He does not state the grounds for his knowledge, nor does it appear that he was the salesman or the person who delivered the goods. To grant summary judgment upon these two affidavits which were clearly insufficient under rule 113 requiring " an affidavit of the plaintiff or of any other person having knowledge of the facts verifying the cause of action " was clearly error.

We have dwelt upon the merits of the motion for summary judgment because the default was concededly inadvertent and the only question presented is whether there is merit in the defense. Had the moving papers presented a *prima facie* case for the granting of summary judgment, the answer filed by defendant, which denies knowledge or information sufficient to form a belief as to all the allegations of the complaint, supported and explained as it is by his affidavit, would still entitle him to defend on the genuine issue thus presented and compel the plaintiff to submit its proof.

Order denying defendant's motion to open default reversed, with ten dollars costs, motion granted and order granting summary judgment and judgment entered thereon vacated. Case placed upon general calendar.

All concur; present, BIJUR, McCOOK and CRAIN, JJ.

Ordered accordingly.