AGUSTO MOSCA, Plaintiff, v. J. H. PARKER-AEOLUS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, July 29, 1927.

Judgments — summary judgment — action in Municipal Court of City of New York — motion by plaintiff on affidavits — complaint not verified — summary judgment may be granted on affidavits though complaint not verified — Civil Practice Act, § 248; Rules of Civil Practice, rule 113; Municipal Court Code, §§ 15 and 78 construed.

A motion in the Municipal Court of the City of New York by the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice supported by affidavits will be granted though the complaint is not verified where the only opposition to the application is a contention by the defendant that the court has no power to give summary judgment in a case where the pleadings are not verified.

The proper construction of section 248 of the Civil Practice Act, rule 113 of the Rules of Civil Practice, and sections 15 and 78 of the Municipal Court Code authorize the granting of a summary judgment under the circumstances stated.

MOTION for summary judgment under rule 113 of the Rules of Civil Practice.

*Pleasants & Lowry* [*Philip Wagar Lowry* of counsel], for the plaintiff.

*Samuel Hershenstein*, for the defendant.

PANKEN, J. No affidavit is submitted in opposition to the application for judgment under rule 113 of the Rules of Civil Practice. Defendant contends that the court has no power to give summary judgment, because the pleadings in the case are unverified. That is the only objection raised by the defendant.

This court has heretofore refused to grant motions for summary judgment under rule 113 where the pleadings were not verified. It always felt, however, that in view of section 78 of the Municipal Court Code, which reads: " Pleadings in actions may be oral or written, verified or unverified, * * *" the denial of a motion for summary judgment under rule 113 where the pleadings were not verified, was a strained construction of that rule.

There is no provision in the Civil Practice Act which requires pleadings to be verified in the Supreme Court or in any court of record. Section 248 of the Civil Practice Act provides: " Where a pleading is verified each subsequent pleading, except the general answer of an infant by his guardian ad litem and except as otherwise specially prescribed by statute, must also be verified."

It is evident from the reading of this part of section 248 that there is no mandatory requirement for pleadings to be verified in a court of record.

Section 15 of the Municipal Court Code, the conformity section, reads: " Except as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitation, heretofore enacted, to the contrary thereof notwithstanding."

Rule 113 provides:   " *   *   *   the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action; unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

The consideration of the two sections of the Municipal Court Code, together with section 248 of the Civil Practice Act and rule 113, confirms me in my opinion that to construe rule 113 to mean that summary judgment can only be granted in an action where the pleadings have been verified, though the cause of action is verified by either the plaintiff or a person familiar with the facts in the affidavit in support of the application for summary judgment, would be a strained construction.

In the case of *State Bank* v. *Mackstein* (123 Misc. 416), Mr. Justice LEVY writing the opinion, the following language appears: " The pleadings are unverified.   *   *   *   In order to entitle a party plaintiff to summary judgment under rule 113 of the Rules of Civil Practice the cause of action must be verified by the plaintiff or by any other person having knowledge of the facts and the amount claimed must be stated."

I construed that to mean, upon the reading of the opinion of Mr. Justice LEVY, that the pleadings must be verified.   Upon the rereading of the opinion and reconsideration thereof, I come to the conclusion that what Judge LEVY in his opinion meant was that the cause of action must be verified by either the plaintiff or a person familiar with the facts, as prescribed in rule 113 of the Rules of Civil Practice, not that the pleadings must be verified.

No affidavit having been submitted in opposition to the application herein, no triable issue, therefore, having been raised as prescribed in rule 113, judgment is directed in favor of the plaintiff for the sum demanded in the summons.