AUBREY L. ROMINE, Plaintiff, *v.* BARNABY AGENCY, INC., and Others, Defendants.

Supreme Court, New York County, February 18, 1928.

Judgments — summary judgment — action for commissions — defendant's answering affidavits fail to establish prima facie cause of action for recovery of definite amount — summary judgment denied.

Summary judgment cannot be granted plaintiff in this action for commissions where defendant's answering affidavits fail to establish a *prima facie* cause of action for a recovery of a definite amount. A claim that defendant " must be presumed to have received commissions " of which a share is sought to be recovered in this action must be disregarded since proof rather than presumption is essential to warrant the granting of summary judgment.

MOTION by plaintiff for summary judgment.

*Willcox & Swiger,* for the plaintiff.

*William L. Moran,* for the defendant.

FRANKENTHALER, J. A motion for summary judgment cannot be granted upon the deficiencies disclosed by the answering affidavits, unless plaintiff has established a *prima facie* cause of action entitling him to the recovery of a definite amount. (*Lonsky* v. *Bank of United States,* 220 App. Div. 194.) Although the answering affidavits on this motion are palpably evasive and unsatisfactory, yet there is no proof that the defendant Barnaby Agency, Inc., ever received the commission of which plaintiff claims a part. The photostatic copy of the letter signed by that defendant states that plaintiff is to be " remunerated in the same way as and when it [the commission] is received by us." There is some evidence that the Barnaby Agency, Inc., received a mortgage of $231,500. Plaintiff states that he " verily believes that the said mortgage represents the commission or part of the commission paid by Frank A. Stratton and/or I. M. Rappaport to the Barnaby Agency, Inc., on the two sales." But this is obviously the result of conjecture and is not proof in the strict sense of the word. Assuming, however, that plaintiff is correct in his belief, he would at most be entitled to a participation in the mortgage rather than to a fixed amount of cash, in view of the provision that he was to be remunerated " in the same way as " the Barnaby Agency, Inc. Point 3 of plaintiff's brief by its very heading indicates the

impossibility of granting summary judgment in the situation here presented. It reads as follows: " The defendant, Barnaby Agency, Inc., *must be presumed* to have received commissions of which the share is sought to be recovered in this action " (italics mine). Proof rather than presumption is necessary to warrant the granting of the drastic remedy which is here sought to be invoked. The motion is denied. Order signed.