NATHAN H. GORDON CORPORATION, Respondent, *v.* JACK T. COSMAN, Appellant.

First Department, April 24, 1931.

*Joseph Feldman* of counsel [*Louis Rosenberg* with him on the brief; *Strasbourger & Schallek*, attorneys], for the appellant.

*Solomon C. Stember* of counsel [*Louis J. Rosett*, attorney], for the respondent.

SHERMAN, J.   This action is brought on a demand note for $20,000 made by defendant to the order of plaintiff on December 31, 1929. Payment has been frequently demanded but nothing has been paid on account of the note, except one payment to plaintiff in partial discharge of interest.

Defendant appeals from the order, and summary judgment thereon, directed in favor of plaintiff under rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act, on the ground that there was no defense to the action, that the answer was sham and frivolous and interposed purely for the purpose of delay and vexation.   Under rule 113 defendant could defeat the application by showing such facts as may be deemed sufficient to entitle him to defend.   He presented no facts at all but interposed an amended answer under circumstances hereinafter pointed out.

Plaintiff instituted this action on October 28, 1930. The notice of motion, after joinder of issue, was accompanied by the affidavit of plaintiff's president, showing that $20,000 was paid over to defendant at the time the note was made and containing excerpts from four letters written by defendant to plaintiff's president in August, September and October, 1930, wherein he referred to the lender's kindness in making the loan, asked for delay in payment, which was granted, and admitted that he owed the money and expected to pay the obligation. The last of this series of letters was written eight days before this action was started and in that communication as in prior letters defendant admitted the debt and promised to pay it. In none of them was there any suggestion of a defense or counterclaim. The affidavit of plaintiff's attorney states likewise that defendant admitted to him that he owed this obligation and stated that all that he desired was time within which to make payment. These last-mentioned statements were made so as to procure delay in the hearing of this motion. None of these facts are contradicted or disputed in any affidavit submitted by defendant. They must be taken to be true.

The answer, however, denied delivery of the note to plaintiff, asserting that it was delivered to Nathan H. Gordon, and likewise denied presentation and demand. By way of a separate defense, it next averred that plaintiff was a " dummy " for the transaction of business by Nathan H. Gordon who owned its entire capital stock; that in December, 1929, defendant entered into an agreement with others for the development of motion pictures, and that Nathan H. Gordon desired to become interested with defendant in that agreement and agreed to contribute not less than $20,000 as his one-half share of the moneys required, and that on December 27, 1929, an agreement in writing was entered into between defendant and Gordon by which each agreed to pay one-half of the expenses involved in connection with patents and contracts and assumed one-half of the obligations and agreed to contribute necessary moneys upon demand, and that Gordon contributed $20,000, and that because a corporation which was to be organized was not organized, defendant delivered the note in suit to Gordon upon the agreement that in the event that the development of the patents should not become a success, defendant was to pay only one-half of the amount of the note and was to pay that sum " when he should be able to do so; " that Gordon was the president of plaintiff and aware of the agreement upon which the note was delivered at Gordon's request to plaintiff.

Obviously this so-called separate defense is on its face frivolous. Gordon by affidavit has denied making any such agreement.

Defendant filed no proof tending to substantiate any averment of this answer.

This motion was returnable on December 4, 1930. At defendant's request, his time to serve answering affidavits was extended from time to time until December 15, 1930. On December 13, 1930, defendant served by mail an amended answer containing a counterclaim which was received by plaintiff's attorney on the very day the motion was heard. It was accompanied by an affidavit setting forth that the cause of action was not at issue, because no reply had been interposed. Defendant did not present any affidavit in support of the allegations of the amended answer. Plaintiff, however, promptly served a reply denying the material averments of this so-called counterclaim and a further affidavit showing bad faith on defendant's part.

Defendant's time within which to serve an amended answer as of course has not expired; he contends that the original answer was supplanted by the amended answer, and the earlier issue destroyed.

The question is whether this pleading is, under all the circumstances here present, possessed of virtue to defeat the motion. The mere service of a new pleading, if it be merely colorable, will not of itself suffice. It becomes necessary accordingly to examine its allegations to determine whether it is a genuine and sincere amended answer or was interposed in bad faith, merely restating in a different form allegations of fact shown to be sham when set forth in the earlier pleading. If the latter, inasmuch as it is substantiated by no accompanying proof of fact, it will not be held to be a genuine amended answer.

The learned Special Term decided that while ordinarily it would conduce to proper practice to require a new motion to be made, when an issue is destroyed by service of an amended pleading, nevertheless where the denials are false and the counterclaim frivolous, and the amended pleading was obviously interposed not for the purpose of creating any real issue but with the manifest design of requiring plaintiff to make a new motion and of imposing upon the court the burden of a rehearing, such a pleading should be given no effect.

Comparing the amended answer with the original answer, we observe that defendant changed the denials, the original answer having admitted that the note was presented for payment and payment demanded and refused; his later pleading flatly denies that allegation of fact. After asserting in the original answer that the note was not delivered to plaintiff, he in the amended answer admits such delivery.

The so-called counterclaim sets forth that the plaintiff was a " dummy " and " *alter ego* " of the individual Nathan H. Gordon, who is the holder of all its capital stock, and was used by him as a cloak for his personal transactions; that plaintiff entered into a written agreement with Gordon, which is stated to be annexed thereto, under which each party agreed to pay one-half of the expenses involved in connection with a contract which defendant had entered into with others for the development of motion pictures and to contribute equally the moneys required, and that all stocks and profits should be divided between the parties as and when received, and that a corporation was to be formed in which the parties should be equal stockholders. But the paper annexed thereto bears no signature at all. He then alleges that though this so-called agreement was apparently that of the individual Gordon, it was entered into by him as the agent for plaintiff " as his undisclosed principal." It is next alleged that subsequently to the making of the agreement and in violation of its terms, plaintiff refused to make the payments and contributions therein called for, and refused to perform its terms, but that the defendant was at all times ready, able and willing to perform that agreement, and that in connection with the performance of the agreement various obligations were incurred and payments (no amount being stated) were made by defendant with the knowledge and acquiescence of plaintiff, and that plaintiff has failed to perform the agreement and to repay to the defendant any part of such moneys, and that by reason of such failure the defendant has been damaged in the sum of $50,000, for which he demands judgment against plaintiff. It is thus apparent that the material false allegations of fact, including the making of the alleged contract, which when set up as a separate defense in the answer had been shown to be false, are attempted to be made the basis of an equally frivolous and unsupported counterclaim.

The question before us is whether or not such tactics can prevail to impede the orderly administration of justice. Was the court required to regard seriously the new unsupported pleading and stamp it as tendering, in the counterclaim, a real issue to be tried out? Must the forms of law be gone through with, and the time of the court and counsel wasted, merely because a frivolous separate defense, which has been proven to be sham, is turned, in an amended answer, into an unsupported counterclaim? If defendant expected to have this counterclaim seriously considered as an honest pleading, he should have accompanied it with affidavits tending to support the affirmative averments, thereby showing a triable issue. This was obviously required because plaintiff's affidavits showed without

contradiction that the substantial facts pleaded affirmatively by defendant in the original answer and now repeated in the amended answer were false.

Under these circumstances, merely labeling allegations as constituting a counterclaim does not present a triable issue. In *Smith* v. *Cranleigh, Inc.* (224 App. Div. 376), this court said: " Defendant's counterclaim, assuming it to have been one that properly may be interposed, is unsupported by facts tending to show that it is meritorious or that the defendant is entitled to defend by virtue thereof. The presence of such counterclaim in and of itself is not a bar to relief under rule 113 of the Rules of Civil Practice. (*Chelsea Exchange Bank* v. *Munoz,* 202 App. Div. 702; *Columbia Graphophone Co.* v. *Leviten,* 209 id. 215, 216.) "

The court below was justified in disregarding or striking out upon this motion the amended pleading as obviously interposed in bad faith, and was not required to stultify itself and treat as genuine a sham pleading interposed not to present a real issue but to defer recovery upon a debt shown to be concededly due.

The judgment and order appealed from should be affirmed, with costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment and order affirmed, with costs.