WILLIAM H. McDONALD, Respondent, *v.* AMSTERDAM BUILDING COMPANY, Appellant.

Third Department, May 13, 1931.

*M. Carl Levine* [*David Morgulas* of counsel], for the appellant.

*Thomas F. Frawley,* for the respondent.

WHITMYER, J.   In September, 1926, defendant entered into a contract with the Northwoods Inn Hotel Company, Inc., for the

construction of the Hotel Marcy building, at Lake Placid, N. Y., and made a contract with plaintiff, as subcontractor, to do the excavating work. The contract with plaintiff was for unit prices of one dollar and twenty cents per cubic yard for dirt excavation, three dollars per cubic yard for removal of rock, and fifteen dollars per cubic yard for placing of concrete. By its terms, final payment of fifteen per cent was to be made fifteen days after the completion and acceptance of the work.

The complaint sets up four alleged causes of action, and in the first alleges that plaintiff removed 6,121 cubic yards of dirt, 171.85 cubic yards of rock, and laid 24 5/9 cubic yards of concrete, all in accordance with the terms and conditions of the contract.

And it alleges that the price for the dirt excavation was $7,345.20; for the rock $515.55, and for the concrete $368.33, making a total of $8,229.08, of which defendant paid $4,573.25, leaving $3,645.73 due. It should have been $3,655.83.

Although the answer denies the allegations as to the removals and the prices and as to performance in accordance with the terms and conditions of the contract, no claim is made in the affidavit that the work was not done and no question is raised therein about the prices and totals.

Then the complaint alleges that defendant, on October 14, 1926, notified plaintiff to cease work under his contract and that he did, designating the notification and the cessation of work thereunder as a cancellation of the contract. The answer admits that defendant notified plaintiff to cease work under its contract in October, 1926, and that plaintiff did so at that time. It denies that defendant canceled the contract.

It does not set up a breach by plaintiff, but defendant's treasurer so states in his affidavit on the motion.

The second cause of action is for the recovery of the sum of $143.55 for furnishing trucks.

The third and fourth are on alleged accounts stated, based upon defendant's failure to object to statements of account on the items set forth in the other two causes. The facts do not show accounts stated.

It appears that plaintiff was the only one who did what was done of the excavating and cement work. The payment to him by defendant of the sum of $4,573.25 was made on his statement of the amounts excavated, checked by one Judson, a civil engineer, and employed so to do by defendant and the hotel company. In addition, defendant's superintendent, Fitzpatrick, examined, approved and accepted Judson's figures. Likewise, Judson made

the estimates and figures upon which the claim is based and those were examined and approved by Fitzpatrick.

The hotel company went into bankruptcy and defendant filed its claim for $37,423.69 against the company on January 3, 1929. The claim was verified for defendant by its treasurer and stated that the bankrupt is justly and truly indebted to claimant for the amount; that the consideration for the debt is labor, materials, supplies and items of expense furnished to the bankrupt and for moneys due under a written contract as described in the schedule thereto annexed; that the amount is justly due and that there are no offsets or counterclaims thereto.

The schedule, thereto annexed, contained items, excavation (earth) $7,346; rock, 172 cubic yards, $516; and concrete work, $375. And defendant had not paid plaintiff. It will be observed that these items in its claim agree very nearly with those of plaintiff's claim. And defendant filed its verified answer in November thereafter, without thought of its claim.

The unit prices, the amounts of work claimed to have been done, and the totals are not disputed. The only questions raised by defendant in its affidavit are that the complaint does not allege performance, that the contract with plaintiff was not canceled, and that plaintiff broke the contract.

The pleadings show that plaintiff continued work until defendant directed him to stop. It is said that difficulties between defendant and the hotel company about changes in the plans were the reasons for the direction. But it is not stated that the reasons were communicated to plaintiff or that he knew about them.

As to the cancellation of the contract, it appears that defendant caused plaintiff to stop work and did not notify him to resume. It is said, in effect, that plaintiff at once made a new agreement with the hotel company and worked for the company thereafter, making it impossible for defendant to settle with the company, and thus breaking his contract with defendant.

But the fact that the hotel company made an agreement with plaintiff for the resumption of work by him is some proof that it considered its contractual relations with defendant at an end, and, if so, plaintiff had a right to enter into a new contract.

Fault is found because plaintiff did not commence his action until October, 1929, three years after the work, but no issue as to the merits is raised thereby and the delay may have been due to the desire to await the action of the claim in bankruptcy.

In *Curry* v. *Mackenzie* (239 N. Y. 267, 269, 270) the Court of Appeals, through Judge Cardozo, said: " Civil Practice Rule 113 permits summary judgment at times in favor of a plaintiff though

material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court ' by affidavit or other proof ' that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears. To justify a departure from that course and the award of summary relief, the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried."

That applies here. Apparently defendant has suffered loss through its contract with the hotel company, but its contract with plaintiff was independent of that, and plaintiff, who did the work for which he is seeking to recover, should not be made to suffer loss because of defendant's loss.

It seems to me that the answer is mere sham and that it was interposed in bad faith.

The order and judgment should be affirmed, with ten dollars costs and disbursement.

All concur, except HILL and RHODES, JJ., who dissent and vote for reversal upon the ground that the answer and supporting affidavits presented an arguable defense.

Order and judgment affirmed, with costs.