WESTERN FELT WORKS, Plaintiff, *v.* MODERN CARPET CLEANING AND STORAGE CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, June, 1931.

*Gerald G. Schwartz,* for the plaintiff.

*Emanuel Harris,* for the defendant.

WATSON, J. This motion is for summary judgment under rule 113 of the Rules of Civil Practice. It is opposed principally on the ground that plaintiff, a foreign corporation, suing upon a contract made in this State, failed to allege in its complaint that

it has complied with the statute requiring it to obtain a certificate of authority to do business in this State, which is a condition precedent to the commencement of this action. The answer does not deny any of the allegations of the complaint, but it sets up a special defense alleging plaintiff's failure to plead compliance with the statute.

*Wood & Selick* v. *Ball* (190 N. Y. 217) holds that compliance with the statute should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this State.

In *Ac-Tin-O-Lyte Roofing Company* v. *Werner* (209 App. Div. 742) plaintiff, a foreign corporation, did not plead its right to do business in this State, but it developed upon the trial that it did not procure authority so to do. At the end of plaintiff's case defendant moved to dismiss the complaint on the specific ground that plaintiff had failed to properly plead and prove its right to do business in this State. The trial court denied the motion, holding that said motion should have been taken by demurrer or otherwise. The Appellate Division, reversing the judgment and order of the trial court, held that the motion made by the defendant at the close of plaintiff's case for a dismissal of the complaint should have been granted.

In the case of *American Can Co.* v. *Grassi Contracting Co.* (102 Misc. 230), Mr. Justice LEHMAN, now associate judge of the Court of Appeals, said: " It would seem also that logically such proof would be necessary. The courts have decided that the provision of the statute requiring foreign corporations to obtain a license to do business within the state is not merely a ground for the defense of illegality, but is a condition precedent to the bringing of any action on a contract made within the State and that compliance with such condition precedent must be alleged and proven at the trial. It would seem, therefore, to follow that when the evidence shows that a foreign corporation is suing upon such a contract it has not made out its cause of action until it has proven compliance with the condition precedent and that the complaint should, therefore, be dismissed even though the answer has not set up such a defense."

Mr. Justice WOODWARD, writing for the Appellate Division in *Eclipse Silk Manufacturing Co.* v. *Hiller* (145 App. Div. 568, 573), said: " If, upon the trial, it should be developed that the plaintiff is a foreign corporation doing business in New York, and that the contract in question was made within this State, the objection that the complaint does not state facts sufficient to constitute a cause of action, or that the facts proved do not constitute a cause

of action, is open to the defendant." (Citing *Wood & Selick* v. *Ball*, 114 App. Div. 743; affd., 190 N. Y. 217.)

In each of the cases cited the plaintiff did not plead its authority to do business in this State, nor did the defendant set up such defense. But it developed on the trial that plaintiff was doing business in the State without proving its right so to do, and upon defendant's motion plaintiff's complaint was dismissed.

The instant case presents a different situation. Although plaintiff has failed to allege its compliance with section 210 of the General Corporation Law,* it has *proved* by the statement of the Secretary of State, annexed to the moving papers, that it received authority to do business here on July 21, 1927, long prior to the date of the making of the contract sued upon, which fact could easily be established at the trial, and of which there could be no denial. " There would be nothing to try when the trial was reached," since, admittedly, there is no other defense to the action. (*Dr. A. Posner, Shoes, Inc.*, v. *Vogel*, 198 N. Y. Supp. 233.)

The purpose of rule 113 of the Rules of Civil Practice is to prevent the delaying of judgment by a denial, which appears good on its face, but without actual support in fact. While such a defense is sufficient to defeat a motion for judgment on the pleadings, it will not suffice to defeat a motion for summary judgment when the plaintiff, in support of his motion, makes satisfactory proof of the cause of action, and the defendant fails to show, by affidavit or other proof, such facts as may be deemed sufficient to entitle him to defend. (*Continental Securities Co.* v. *Interborough Rapid Transit Co.*, 118 Misc. 11.)

The motion for summary judgment is, therefore, granted, with ten dollars costs.

---

* Former section 15; renum. § 210 by Laws of 1929, chap. 650.— [REP.