MANHATTAN PAPER Co., INC., Plaintiff, *v.* JACK BAYER and Another, Defendants.

Supreme Court, New York County, July 7, 1931.

*George M. Glasgold*, for the plaintiff.

*Lester M. Friedman*, for the defendants.

COLLINS, J. The motion for reargument is granted, and upon reconsideration of the papers the motion is granted to the extent of awarding summary judgment against the defendant Frances Bayer for $3,931.91, with interest from December 1, 1930.

This motion presents the increasingly perplexing problem of the extent of the exercise of judicial discretion in awarding summary judgment. The perplexities arise not so much from the difficulty in ascertaining the correct principle governing such cases, but in

determining whether a given state of facts authorizes or warrants the application of the rule. The intent of the rule is patent. It was fashioned to prevent delay in reducing meritorious claims to judgment.

Limitations of rule 113 of the Rules of Civil Practice by judicial construction have arisen and it is the application of the limitations which give rise to the difficulty. " Civil Practice Rule 113 permits summary judgment at times in favor of a plaintiff, though material averments of his complaint have been traversed by the answer. To that end there must be supporting affidavits proving the cause of action, and that clearly and completely by affiants who speak with knowledge. There must be a failure on the part of the defendant to satisfy the court ' by affidavit or other proof ' that there is any basis for his denial or any truth in his defense. The case must take the usual course if less than this appears. To justify a departure from that course and the award of summary relief the court must be convinced that the issue is not genuine, but feigned, and that there is in truth nothing to be tried. (*General Investment Co.* v. *Inter-borough R. T. Co.*, 235 N. Y. 133.) " (*Curry* v. *MacKenzie*, 239 id. 267, 269.)

But what is a " genuine " and what is a " feigned " issue? The court is torn between adherence to the fundamental principle that every litigant is entitled to his day in court and the desire to defeat postponement of that day in a controversy where the answer and opposing papers bear the conviction of falsity. Injustice, of course, will result if a sound and substantial defense is summarily disposed of without affording the defendant an opportunity to sustain it on a trial. On the other hand, timidity in exercising the power granted by rule 113 in favor of a righteous claim postpones and in many instances defeats relief. If rule 113 is not to be completely devitalized and rendered impotent, the examination of a defense must not be arrested at the very threshold of the inquiry. Frequently, scrutiny reveals that exterior defenses do not harmonize " with the verities of the situation." (*McNulty Bros.* v. *Offerman,* 221 N. Y. 98.) If the door designated " defense " is not to be opened for investigation to ascertain whether a real or honest defense is beyond, and the door must remain closed until the trial, then indeed the rule will be of insignificant force and efficacy. Of course, the inquiry must have its limitations.

Summary judgment is not to supplant trial. The power to bludgeon defenses and to summarily grant judgment upon papers is great, and the caution in exercising the power must be correspondingly great. But when the court becomes convinced that the defense advanced is false or dishonest or devoid of substance or

interposed for time-gaining purposes only, it should not hesitate to pronounce judgment accordingly. For the court to announce its helplessness, though it believes that a plaintiff is entitled to judgment, seems to me to unnecessarily confess a weakness in the administration of justice. The sooner litigants realize that false defenses can and will be detected and ejected before trial the fewer will be the attempts to foist such defenses. The present case is one illustrating these difficulties. The plaintiff sues two defendants on an account stated. The plaintiff swears to the sending of the account while defendants deny receipt thereof. I am satisfied that the denial is false. Both defendants were examined before trial and such examination convinces me that there is no defense to the action. The books have disappeared and one of the defendants has testified that without the books she cannot state which of the items are disputed. No honest explanation of the items is sought to be made. The defendants rest their defense upon the theory that a mere denial is sufficient to defeat a motion for summary judgment.

Of course, the plaintiff has the burden. Its proofs, however, are definite, certain and convincing. The defendants' denials are unconvincing and impress me as sham.

Both defendants testified that the business is owned by Frances Bayer. If the plaintiff insists on its claim that it is entitled to judgment against both it must await a trial, since it is impossible from the papers to award judgment against Jack Bayer also.

The answer of the defendant Frances Bayer is stricken out and the clerk is directed to enter judgment against her for $3,931.91, with costs. Submit order.