GEORGE M. HAIGHT, as Receiver of THE SALT SPRINGS NATIONAL BANK OF SYRACUSE, Plaintiff, *v.* JULIAN S. BROWN, Defendant.

Supreme Court, Onondaga County, May 18, 1936.

*Keith F. Driscoll* and *Costello, Cooney & Fearon* [*Lawrence Sovik* of counsel], for the plaintiff.

*Maurice A. Phelps,* for the defendant.

CROSS, J.   This is a motion for summary judgment under rule 113 of the Rules of Civil Practice, upon five notes aggregating in principal approximately $120,000, upon which defendant's obligation is either that of maker or indorser and upon an assessment of $2,675 on 107 shares of stock in The Salt Springs National Bank owned by defendant.

In April, 1932, an involuntary petition in bankruptcy was filed against the defendant.   He answered, but the issues were never tried.

In October, 1935, a proceeding was commenced to dismiss this involuntary petition in bankruptcy and by an order of Hon. FREDERICK H. BRYANT, granted January 6, 1936, and resettled by an order dated January 15, 1936, said involuntary petition in bankruptcy was dismissed.

An order was granted October 16, 1935, requiring the persons interested in defendant's bankruptcy proceedings to show cause, October 29, 1935, in the Federal court, before Hon. FREDERICK H. BRYANT, why the petition for involuntary bankruptcy which was filed April 12, 1932, should not be dismissed.   Pending the return

of that order and on the 26th day of October, 1935, defendant filed with the clerk of the United States District Court a written withdrawal of the answer which he had asserted as true for a period of three and one-half years, reversed the position taken by that answer and consented to an order adjudicating him a bankrupt. The clerk of the court entered a paper signed by him purporting to be an order of Hon. FREDERICK H. BRYANT, United States District Judge for the Northern District of New York, adjudicating defendant a bankrupt and referring the proceeding to a referee. On the return of the order to show cause, October 29, 1935, the perfunctory order, so called, entered by the clerk October 26, 1935, was vacated and canceled by Federal Judge BRYANT, upon grounds which included stated reasons that the order was obtained in violation of the rules of practice for said district and in an attempt to circumvent the action of the Federal court on the return of said order to show cause. An appeal is now pending to the United States Circuit Court for the Second Circuit from the order of January 15, 1936. The appeal has not yet been perfected and a further more or less uncertain period will elapse before it can be litigated to an ultimate decision.

Upon the granting of the said order in January, 1936, now on appeal, plaintiff commenced the pending action. By the order of Judge BRYANT the defendant was stripped of the armor which had protected him from his creditors since April 12, 1932. He then departed from Syracuse, the place of his residence, and has since absented himself therefrom, making it necessary for plaintiff to secure service of summons by publication and to secure a warrant of attachment, and rendering it unnecessary for the defendant to assume the direct moral obligation of personal verification of the amended answer and answering affidavit interposed as a barrier to the motion for summary judgment. Defendant served his answer in the instant action May 2, 1936, and therein admitted all allegations in the complaint on the five causes of action based upon the notes, except that he denied any knowledge or information sufficient to form a belief that certain payments had been made upon said notes. As to the sixth cause of action based upon the stock assessment, defendant denied knowledge or information sufficient to form a belief as to the general jurisdictional allegations and also as to his ownership of the stock, upon which the assessment was made. Defendant by said answer also alleged by way of offset and counterclaim, a right of action derived by assignment from the Dewitt Development Corporation arising out of the deposit of certain funds in The Salt Springs National Bank prior to its closing and the appointment of plaintiff as such receiver,

asserting that this deposit amounted to the sum of $4,152.32, and further asserting that demand of payment had been duly made and refused; defendant also claiming that certain dividends had been paid on the same class of deposits and that other and further dividends will be paid in due course.

Plaintiff then moved for summary judgment and in his moving papers incorporated in detail the factual information relating to the matters denied by defendant and also as to the matters asserted by defendant by way of affirmative defense. The motion for summary judgment was returnable at two P. M., May 11, 1936. One hour and ten minutes before that time defendant served an amended answer which is identical as applied to all of plaintiff's six causes of action except as to the inclusion in the amended answer of an additional admission previously denied in the original answer upon lack of knowledge or information sufficient to form a belief.

Taking up the first defense set up in the amended answer: Plaintiff met the claim asserted by defendant by definite verified affidavit that defendant failed to comply with divers precedent conditions to his right to a recovery or credit therefor in this action. Defendant did not assert compliance with these conditions, neither did he anywhere deny plaintiff's sworn statement of non-compliance. Besides the note upon which plaintiff's first cause of action is based contained an agreement over the signature of the defendant as follows: " It is further agreed that any moneys or other property, at any time in possession of said bank, belonging to the undersigned or to any guarantor or endorser, or to any party hereto, and any deposits, balance of deposits or other sums credited by or due from said bank to any of said parties, may, at all times, at the option of said bank, be held and treated as collateral security for the payment of this note, or of any other liability of the undersigned, or of any of the said parties hereto to said bank, whether due or not due, and the said bank, may, at any time, set off the amount due or to become due on any of said liabilities against any claim of any of said parties against said bank."

Under the terms of that agreement on the face of the note, even though defendant had complied with the other named conditions precedent to his right to have that fund applied upon his debt to plaintiff, still the plaintiff had the option to treat the fund as collateral security for defendant's liability.

The recovery of a judgment in this action does not affect plaintiff's lien on the said fund as collateral security, nor is plaintiff required to return the security as a condition precedent to an action on debt. (*First Trust & Deposit Co.* v. *Potter,* 155 Misc. 106.)

Plaintiff in the moving affidavit states, and defendant does not deny, that when certain precedent conditions have been met by defendant, the dividends from this fund will be paid. Admitting defendant's claim that he is the owner as assignee of this fund, it follows that he has it within his power to comply with the conditions precedent for payment, to him or application on his liability to plaintiff. His unexcused non-compliance surely does not create an issue which prevents plaintiff from obtaining judgment upon defendant's admitted liability. Defendant has not shown a reasonable basis for this defense.

Taking up the second defense set up in the amended answer: Defendant in this defense asserted that plaintiff is restrained by order of Hon. FREDERICK H. BRYANT, dated April 12, 1932, from prosecuting the pending action to judgment. Plaintiff met the essential elements of this defense by verified affidavit stating that on April 16, 1936, defendant applied to Judge BRYANT for a stay pending decision on appeal from order of January 15, 1936, and that the said judge refused to grant such stay and stated in substance that he would, in no way, interfere with the proceedings on the part of the plaintiff to reduce his claim to judgment and collection. Plaintiff stated by verified affidavit that the order of April 12, 1932, was modified by order made January 6, 1936, and resettled January 15, 1936, prepared to permit plaintiff to commence this action, obtain judgment and have execution thereon. Defendant failed to deny the purpose of the order of January 6, 1936, respecting permission to plaintiff to proceed in the action nor does defendant deny that on April 16, 1936, he attempted to secure a stay from Judge BRYANT nor that Judge BRYANT, upon such application, stated that he would not interfere with proceedings by plaintiff to reduce his claim to judgment and collection. Giving consideration to the admitted practical construction of the alleged restraining order of Judge BRYANT, it does not seem to me that there is any reasonable basis in this defense.

Taking up the third defense set up in the amended answer: In this defense, defendant set forth a pending appeal to the United States Circuit Court for the Second Circuit from the order of January 15, 1936, which, among other things, vacated a previous perfunctory order of adjudication made by the clerk of the court. Plaintiff met the allegations of this defense by verified affidavit, showing, among other things, the rule of the District Court relating to the lack of authority of the clerk to make the order set aside, showing the judicial judgment of Judge BRYANT when the defendant made an application to him for a stay, April 16, 1936, and

also showing the fact that for more than four years the defendant maintained he was not bankrupt as of April 12, 1932, and further showing the prompt and vigorous action of Judge BRYANT in setting aside the perfunctory order made by the clerk adjudging defendant a voluntary bankrupt in October, 1935. Analyzed in the light of reason and fairness, defendant has not shown a reasonable basis for this defense.

Taking up the fourth defense set up in the amended answer: The defendant in this defense asserted that plaintiff sold certain First Trust and Deposit Company stock held as collateral at less than the reported market, which caused loss to defendant. Plaintiff met the allegations of this defense by verified affidavit showing waiver of notice of sale and waiver of notice of demand of payment, plus actual notice of sale followed by a public sale of these securities, at or above their market value. Defendant asserted by affidavit in support of this defense that a newspaper published in Syracuse on the day of the sale quoted a " bid " and " asked " price for this stock of five to six points above the price secured by plaintiff at public sale. Defendant claimed to have sustained a loss thereby of from $10,000 to $12,000. Defendant made no verified allegation that there had been any actual sale of similar securities other than the sale of his stock on the 10th day of January, 1936, nor did he state when in relation to that date there had been any other actual sales. His affidavit is silent as to the accuracy of said newspaper report and also as to whether or not this newspaper was relied upon by the trade as an accurate guide of market prices. The admitted steps leading up to and including the sale of these securities, which are not offset by any definite verified allegation of fundamental fact on the part of the defendant, tending to remove the probative force of admitted facts, presents a situation where here does not appear to be any reasonable basis for this defense.

Defendant took the position here that plaintiff's motion must necessarily be denied, because the amended answer was served May 11, 1936, within twenty days after the original answer was served. This position is not tenable. (*Gordon Corp.* v. *Cosman,* 232 App. Div. 280.)

The amended answer does not raise a triable issue.

The plaintiff is entitled to judgment against the defendant for $131,403.94, with interest from May 18, 1936, with costs of the action and ten dollars costs of the motion.

Ordered accordingly.