BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 3, TOWN OF HUNTINGTON, SUFFOLK COUNTY, NEW YORK, to the Use and Benefit of the STICKLEY MANUFACTURING COMPANY, L. & J. G. STICKLEY, INC., Having Claims under a Certain Bond Dated February 4, 1939, and Numbered 677–856-A, the Parties to Said Bond Being TAPPEN & KATZ, INC., Principal, the AMERICAN BONDING COMPANY OF BALTIMORE, Surety, and the BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 3, TOWN OF HUNTINGTON, SUFFOLK COUNTY, NEW YORK, Obligee, Plaintiffs, *v.* AMERICAN BONDING COMPANY OF BALTIMORE, Defendant.*

City Court of New York, New York County, February 28, 1941.

*Costello, Cooney & Fearon* [*Richard Wathen Condon* of counsel], for the plaintiffs.

*Thomas E. White* [*William E. Robinson* of counsel], for the defendant.

* Affd., 177 Misc. 343.

KELLER, J. The only question in this case is whether the action was commenced not " later than six months after the complete performance of said contract (between the Board of Education and Tappen & Katz, Inc.) and final settlement thereof."

At first blush *Illinois Surety Co.* v. *Peeler* (240 U. S. 214) would seem to be an authority opposed to the contentions of plaintiff in the instant case. However, the cited case involved the construction of similar words in a Federal statute and the court held that as used in the statute " settlement " referred, as it always does when so used, to " administrative determination of the amount due." It does not necessarily follow that the words have an identical meaning when used in a bond not predicated upon or intended to conform to a given statute.

Nor is it altogether clear that the resolution of the board of education adopted on June 28, 1939, approving the contracts as having been " completed in full in accordance with all approved contract documents " was tantamount to " an administrative determination of the amount due." As a matter of fact the contract, notwithstanding the resolution, was apparently not " completed in full in accordance with all approved contract documents," and the board recognized this to be the fact because, when on August 21, 1939, it drew checks to the order of the general contractor, Tappen & Katz, Inc., it deducted $109.25 for defective workmanship and materials.

So long as there was a dispute between the board of education and the contractor as to the amount due, the period provided in the bond for the commencement of this action did not begin to run. I think that the institution of an action, by persons furnishing labor or material, upon the bond given to the board of education for the use and benefit of such persons, before the settlement of the dispute arising out of the claim made by the board of education that the contractor had not properly completed performance, would not have been consonant with orderly procedure. It is better that the commencement of such a suit should await " final settlement " of the dispute between the board and the contractor. This settlement took place, according to the affidavit of the attorney for the board, in March, 1940, when a stipulation was entered into between the board and all other then interested parties allowing the board a credit of $109.25 as claimed by it. The present action was commenced in May, 1940, and the defense that the action was not brought in time is invalid. The action was instituted within six months after the final settlement of the dispute based upon the failure of the contractor to render complete performance of the contract in accordance with the requirements thereof. (Cf. *Comey* v. *United Surety Co.*, 217 N. Y. 268.)

The defendant has moved for summary judgment under rule 113 of the Rules of Civil Practice. That motion is denied.

As there is no real issue of fact, there will be summary judgment for the plaintiffs in accordance with the following provision of rule 113: " If upon such motion made on behalf of a defendant it shall appear that the plaintiff is entitled to judgment, the judge hearing the motion may award judgment to the plaintiff, even though the plaintiff has not made a cross-motion therefor."

Judgment may be entered in favor of plaintiffs and against the defendant in the sum of $945.82 with appropriate interest. Order signed.