BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1 of Certain Towns in Allegany and Steuben Counties, New York, on Behalf of the GENERAL ELECTRIC SUPPLY CORPORATION and Others, Plaintiff, *v.* THE ÆTNA CASUALTY AND SURETY COMPANY and CLARENCE W. GABLER, Defendants.

Supreme Court, Erie County, September 14, 1942.

*David D. Nash,* for the plaintiff.

*Rann, Brown, Sturtevant & Kelly,* for The Ætna Casualty and Surety Company, defendant.

*Ethan. W. Judd,* for Clarence W. Gabler, defendant.

MALONEY, J. This is an action brought by the plaintiff on behalf of the General Electric Supply Corporation against the defendant Surety Company and Clarence W. Gabler to recover $3,661.89 alleged to be due plaintiff from defendant Surety Company under a performance bond issued by the defendant Surety Company in the sum of $18,890 providing, among other things, that it would indemnify the materialmen in the event of nonpayment by the contractor for materials furnished under a contract for electrical installation. The plaintiff also alleges a cause of action against the defendant contractor for goods sold and delivered.

Defendant, Clarence W. Gabler, was awarded the PWA contract aforesaid for the installation of and furnishing of electrical wiring and fixtures for the Board of Education under the supervision of PWA. The defendant Gabler purchased material from the General Electric Supply Corporation in the sum of $7,883.37 and only the sum of $4,221.48 was paid to the materialman aforesaid, leaving a balance due of $3,661.89.

The bond furnished by the Surety Company contains a provision as follows: " In no event shall the Surety, or its successors or assigns be liable for a greater sum than the penalty of this bond, or subject to any suit, action or proceeding hereon that is instituted by any person, firm or corporation under the provisions of the above section (a) later than six months after the complete performance of said contract and final settlement thereof."

The plaintiff's action was begun December 11, 1940, by service of a summons upon defendant Surety Company. Defendant Surety Company claims that the service as aforesaid was made more than six months after the complete performance of said contract and final settlement thereof. The defendant contends that

the six-month period began to run no later than May 29, 1940, when the school board passed a resolution accepting the entire improvement as having been completed. Previously, in the month of May 1940, the contractor, Clarence W. Gabler, had certified that he had completed the contract and requested payment of his final estimate, although there was some work remaining to be done. Check for final payment was not drawn by the Board of Education until October 8, 1940.

. Defendant Surety Company asserts that its obligation under the bond had ceased prior to the commencement of this action, despite the fact that the prescribed percentage in the contract was then withheld and unpaid on the contract herein.

The question presented to the court is one of interpretation of the language of the bond and the conditions therein limiting the liability of the surety on the bond.

The Federal courts have interpreted the phrase " complete performance and final settlement " to mean the final determination by the authorized public authority of the amount due to or from the contractor, upon acceptance of the work by such authority, as having been completed. (*Illinois Surety Co.* v. *Peeler*, 240 U. S. 214; *Consolidated Indemnity & Ins. Co.* v. *Smoot & Co., Inc.*, 57 F. [2d] 995; *United States* v. *French Dredging & Wrecking Co.* 52 id. 235.)

My attention has been called to two cases in the State of New York, one is *Board of Education etc., Huntington* v. *American Bonding Co.* (177 Misc. 341; Id. 343.) It was tried in the City Court of New York and appealed to the Supreme Court, Appellate Term, which affirmed the City Court, holding to the effect that the phrase " complete performance and final settlement " means actual final payment to the contractor of the amount of the contract price including the payment of withheld percentages.

The other, *Board of Education of the City of New York* v. *Baylor* (288 N. Y. 665), was recently decided by the Court of Appeals which held in its memorandum that the six-month period did not commence running in that case until final payment by the comptroller to the contractor, *viz.*, retained percentages withheld by him on the contract.

It appears by the last above cases that the interpretation of the courts of this State is as plaintiff claims, and that the six-month period provided commenced to run no earlier than October 8, 1940, when the school board drew a check to the contractor for final payment including withheld percentages.

In view of my decision herein, let judgment enter in favor of the General Electric Supply Corporation, materialmen, against

defendant, The Ætna Casualty and Surety Company in the sum of $3,661.89, and judgment in favor of Ætna Casualty and Surety Company against defendant, Clarence W. Gabler to recover over the sum of $3,661.89, with interest to be compute in each case. Prepare findings and judgments accordingly, without costs as to either defendant.