NORA MURPHY, as Limited Administratrix of the Estate of MICHAEL J. MURPHY, JR., Deceased, Respondent, v. NORTH RIVER TRANSPORTATION CO., INC., et al., Appellants.— In an action to recover damages for the death of respondent's intestate, alleged to have been caused by appellants' negligence, judgment in respondent's favor, entered on the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD G. DE MUTH, Appellant.— Appeal by defendant from a judgment of conviction, in the County Court of Queens County, of the crime of unlawful and willful injury to real property as a felony (Penal Law, § 1433). Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCES RANIERI, Appellant.— Defendant appeals from the judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting her of a violation of section 973 of the Penal Law (keeping a gaming and betting establishment), and sentencing her to pay a fine of $100, or, in default of payment, to imprisonment for twenty days in the City Prison. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

REALTY ASSOCIATES SECURITIES CORPORATION, Respondent, v. WHITMAN HOTEL CORPORATION, Appellant.— Action in equity for an accounting and for judgment for a share, fixed by a lease, of the difference between reported rent and that actually received by defendant. Order determining that plaintiff is entitled to an interlocutory judgment requiring defendant to account for gross income and receipts, and interlocutory judgment entered in accordance therewith, unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

RUTH H. REGAN, Respondent, v. VICTOR DORSCH, Appellant.— Order denying appellant's motion to dismiss the complaint upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. In our opinion the record presents no genuine issue of the date of appellant's discharge from the army as shown by his discharge certificate. (Corash v. Texas Co., 264 App. Div. 292, 297; Manhattan Paper Co. v. Bayer, 147 Misc. 227, 228; Curry v. Mackenzie, 239 N. Y. 267, 269.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

GIUSEPPINA SCAGLIONE, Respondent, v. LORENZO SCAGLIONE, Appellant.— Appeal from so much of a judgment of separation as awards the plaintiff alimony of $15 per week and a counsel fee of $200 for her attorney. Judgment modified on the law and the facts by striking from the second ordering paragraph the words and figures " Fifteen ($15.00) Dollars " and substituting therefor the following: " Ten ($10.00) Dollars "; and by striking from the third ordering paragraph the words and figures " Two Hundred ($200.00) Dollars " and substituting therefor the following: " One Hundred ($100.00) Dollars ". As so modified, the judgment, insofar as appealed from, is unanimously affirmed, without costs. In our opinion, the amounts awarded for alimony and counsel fees were disproportionate to appellant's assets and income. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.