ISADORE GOLDMAN et al., Plaintiffs, *v.* LEEANN BUILDERS INC., et al., Defendants.

Supreme Court, Special Term, Kings County, January 9, 1950.

*Jacob Wieder* for plaintiffs.

*Bernard R. Schulman* for defendants.

F. E. JOHNSON, J. Plaintiffs move for summary judgment on an unpaid balance of a demand note.

The great mass of decisions which, almost summarily, deny motions under rule 113 of the Rules of Civil Practice poses the question whether the purpose and value of the rule has not been minimized by a timid approach to the claimed question of fact, or without examining the *realities* of the alleged conflict of fact — which conflict was *said* to really exist when the motion was denied. The fear of depriving a defendant of his day in court merely because he *says,* in his affidavit, things that, if true, *would* present a question of fact, does not, and should not, mean

that he may evade the actualities of the motion by merely *making* these statements. In practice these questions rarely go to the Court of Appeals because of what often seems like almost routine unanimous affirmances of the denial of such motions, but there is a remarkable Court of Appeals decision, to which practically no attention has been paid since it was rendered in 1932, which seems a clear invitation to *examine* those realities, look carefully into the alleged conflict of alleged facts, and see whether the answer of defendant has *substance,* or merely has the *form* of reality.

The " *triable* " issue is the test used generally, without there being much clarification of what *is* a triable issue; the cases seem to assume that courts know that, and they contain little help in defining what is "triable". The rule *presupposes* a conflict in the pleadings and affidavits (there would be no need for a motion otherwise), and permits the motion court to decide whether or not the *truth* is so clearly with the plaintiff that *there is no issue worthy of trial.* The rule confirms this view in merely saying that the plaintiff shall present " such *evidentiary* facts as shall \* \* \* *establish* the cause of action *sufficiently* to entitle " (italics supplied) etc.; the *reality* of the cause of action then is to be judged by the character of the affidavit of denial, and the *nature of the circumstances,* so far as the falsity of that denial may be inferred therefrom. (If *merely contradictory affidavits* prevented granting it the rule would be usable only in the few documentary claims sued upon.)

In view of the too-common practice of denying motions *merely* because there is an opposing affidavit, we should read the opinion in the case mentioned above (*McDonald* v. *Amsterdam Bldg. Co.,* 232 App. Div. 382, affd. 259 N. Y. 533) where the *factual statements* in defendant's affidavits *were fully analyzed,* and its versions were held to be *factually sham;* two justices thought there was a *triable issue,* but the Court of Appeals' affirmance was unanimous and seems an approval of the *method* used by the Appellate Division. The Court of Appeals has not since changed or weakened the position taken in that case. Shepard's Citations does not show that either decision has been cited even once since it was made, about 1932.

The frequency with which the *earlier* case of *Barrett* v. *Jacobs* (255 N. Y. 520) is now cited in *denying* motions because, as said there, of an " arguable defense on the record " must give way to the fact that *later, when the complexion of the Court of Appeals had changed,* it approved the Appellate Division's *careful analysis* of the *McDonald* facts as the *proper procedure*

*in considering the value of an alleged defense;* there the Appellate Division opinion itself indicates that the *defense could, superficially, be called arguable,* but when the majority analyzed the realities, the Court of Appeals unanimously approved of its *method of testing whether there was a real issue or only the appearance of one.* This *later* evidence of the views of the Court of Appeals as to procedure on such motions ought now to be controlling. With these decisions setting the standard, we consider others which reiterate the *same principles:*

*General Investment Co.* v. *Interborough R. T. Co.* (235 N. Y. 133, 142–143) said the motion court may " summarily determine whether or not a *bona fide* issue exists " [Italics in original.] and if defendant fails to "*establish* \* \* \* that it has a *real* defense " plaintiff prevails. (Do not "*establish* ", "*bona fide* " and "*real* " mean that the court must do some *thinking* about the *actuality* of the alleged issue, not evading the question *merely* because there is denial?)

*Camp-of-the-Pines, Inc.,* v. *New York Times Co.* (184 Misc. 389) said the inquiry is " to determine whether any *bona fide triable issue* " (p. 395) exists; the defense must be *bona fide* (*Ecker* v. *Muzysh,* 259 App. Div. 206); defendant must fail where " there is no *real issue of fact* " (*Board of Education* v. *American Bonding Co.,* 177 Misc. 341, 343); *Lee* v. *Graubard* (205 App. Div. 344, 346) quoted from *Dwan* v. *Massarene* (199 App. Div. 872, 880) that the *bona fide* defense that must be shown " must be a plausible ground of defense, something *fairly* arguable and of a *substantial* character." *Lonsky* v. *Bank of U. S.* (220 App. Div. 194, 195) required the defendant " *affirmatively to show* the existence of a *triable* issue." CARDOZO, J., said (*Curry* v. *Mackenzie,* 239 N. Y. 267, 270) that if defendant fails to " satisfy the court \* \* \* that there is any *basis* for his denial or any *truth* in his defense " the judgment is due; the question is not whether *in form* there is an *issue* but " whether or not there is *in reality* a *genuine* and *substantial* issue requiring trial." (*Biloz* v. *Tioga Co. Patrons' Fire Relief Assn.,* 21 N. Y. S. 2d 643, 650.)

Has defendant " a *genuine* defense " (*Security Finance Co.* v. *Stuart,* 130 Misc. 538, 539, affd. 226 App. Div. 725); is the defense *apparently* good, "but without *actual support in fact* " (*Western Felt Works* v. *Modern Carpet Cleaning & Storage Corp.,* 141 Misc. 495, 497); is it an " *unsubstantial* " defense (*Barrett* v. *Jacobs,* 255 N. Y. 520, 521, *supra*); is the court " *convinced* " that the defense " is *false* or *dishonest* or *devoid* of *substance* " (*Manhattan Paper Co.* v. *Bayer,* 147 Misc. 227, 228).

These cases indicate the duty of the motion court *to evaluate the affidavits* and see if they show not a *scintilla* issue but a *real* issue which is *sufficiently* presented to create a *triable* issue.

Rule 113 does not seem to call for the application of the test which is applicable at the end of the plaintiff's trial case, on a motion to dismiss; there a mere denial of a material fact requires submission to the jury of the question of veracity and the preponderance of evidence on that material fact. The Civil Practice Act section (§ 549) which gives the power to set aside, after a verdict for that defendant, permits *then* the application of the test as to the *weight* of the *credible* evidence on that material point; at that time the court *is* permitted to evaluate the testimony on both sides, a power which the court does not use *during* trial. But rule 113 seems to allow that approach to be taken when there are affidavits, whereupon the court may *weigh* the allegations, visualize the factual picture as it is fully set forth by all affidavits, judge the *inherent probabilities* and the *value* and *weight* and *convincing nature* of the sworn statements, and *decide how real is the defendant's denial of liability.*

The resemblance between that judicial process and the judicial process followed on a motion to set aside a verdict for the defendant *for those same reasons* seems marked enough to warrant thus listing them side by side. The rule seems to *assume* the capacity of the judicial mind to discover the truth upon an apparently complete statement by the parties, and since a complete statement *is* required of the one who alleges nonliability, a study of the affidavits, *a weighing of their meaning and value* and, necessarily, an *appraisal* of the veracity thereby disclosed, all seem to be called for by a full use of the powers conferred by the rule.

The demand note sued on lacked any provision for installment payments, yet on many occasions payments admittedly were made *and accepted on account;* this is contrary to the text of the note, so there must have been arrangements made orally or in writing *after* the note was signed concerning such later payments. At the time the $5,000 was paid and the demand for *full* payment was served, a contradiction in that day's procedure is evident; a holder demands *full* balance and at the same time takes $5,000 *on account.* Common sense and inherent probability say that these inconsistent transactions cannot explain themselves; the obviously held conversation incident thereto, and as to what, if anything, was to be done about the *balance,* are vital. The parol evidence rule has nothing to do with this problem

because the rule relates to *contemporaneous* conversations, i.e., at the time of *making* the instrument; subsequent parol arrangements for modification of a writing are not only legal and permissible but there is no requirement that such arrangements must be in writing. Therefore, this case must be tried on the subject of defendant's defense as to what, if anything, was said, or agreed to, whereby even though the whole remaining principal was then *demanded*, $5,000 was *contemporaneously* taken on account, and contrary thereto the holder now claims it *all* became due that day because of the demand. Denied.