GEORGE WEEKS, Plaintiff, *v.* RASTELLI CONTRACTING CORPORATION et al., Defendants.

Supreme Court, Special Term, Queens County, May 9, 1952.

*Lincoln D. Harkow* for plaintiff.

*Morton A. Shapiro* for Rastelli Contracting Corporation, defendant.

*Edward R. Neaher* and *Edwin L. Gasperini* for Mack International Motor Truck Corporation, defendant.

COLDEN, J. Plaintiff moves for summary judgment in an action to recover the sum of $6,000. The action was originally brought against the defendant Mack International Motor Truck Corporation (hereinafter referred to as Mack). The latter obtained an order of interpleader, bringing in as a party defendant Rastelli Contracting Corporation (hereinafter referred to as Rastelli). The amount in suit was deposited with the court, and an undertaking furnished to secure the costs. Rastelli interposed an answer containing two defenses, the last also by way of counterclaim.

In the first defense it is claimed that the $6,000 was paid to the defendant Mack for the account of Rastelli on a conditional bill of sale, as security for the faithful performance by the plaintiff of his obligations under an agreement to purchase three trucks from Rastelli, and as liquidated damages for breach thereof; that plaintiff failed and refused to perform his part of the agreement in that he failed and refused to take title to the trucks and thereby forfeited the deposit to the answering defendant, who was at all times ready, willing and able to perform its part of the contract and would have performed it were it not for the acts of the plaintiff.

Under the second defense and counterclaim, it is alleged that on or about January 30, 1951, plaintiff and Rastelli entered into an agreement for the sale by the latter to the plaintiff of three Mack trucks owned by Rastelli under a conditional bill of sale, at the agreed price of $32,000, title to close on February 8, 1951; that although Rastelli had duly performed all of the conditions of this agreement, and was ready, willing and able to deliver title to the trucks on February 8, 1951, the plaintiff failed to perform the conditions of the contract on his part to be performed, in that he refused to take title to the said trucks; that pursuant to the terms of the agreement of sale, Rastelli expended a sum in excess of $500 for repairs and alterations on the said trucks, and that by reason of the foregoing, it has been damaged in the sum of $6,000 for which recovery is sought.

A consideration of the pleadings, affidavits and documentary proof submitted upon this motion, convinces the court that no

bona fide issues of fact are here presented, that there is no defense to this action, and that a trial thereof would be an idle gesture. It is clear that on February 8, 1951, when title to the trucks was to be passed to the plaintiff, the seller Rastelli did not have marketable title thereto. According to the former office manager of Rastelli, who was familiar with the transaction, he accompanied the plaintiff, at the request of his employer, to the Brooklyn office of the Bureau of Internal Revenue to discuss tax liens which had been filed against his employer by the United States Government prior to the time of the agreement to sell the three trucks to the plaintiff; that they called upon the bureau on February 6, 1951, and were informed that title to the trucks could not, under any circumstances, be transferred until such time as the United States Government released them from the tax liens, and that such release could not be obtained by February 8, 1951 (the date set for the closing of title). The said office manager was also present at a conference on February 8, 1951, in the office of the defendant Mack, along with the plaintiff and the president of the seller, Rastelli, at which time the seller could not transfer title to the trucks, inasmuch as the United States Government had not released them from its tax liens, and that his employer directed the sales manager of Mack to return the $6,000 to the plaintiff.

That the liens of the United States Government had not been removed on February 8, 1951, and that marketable title could not be passed on that day, is amply borne out by the letter from the Collector of Internal Revenue, dated February 6, 1951, directed to Mack, wherein it is stated in part: '' The purpose of this letter is to verify for your record that the Rastelli Contracting Corp. may not transfer title in these trucks without first securing a release from the U. S. Government. All monies in excess of your purchase money mortgage will be required to be set aside for payment to the Collector of Internal Revenue pending application of release of trucks from the Liens on record.''

The president of the seller denies that at Mack's office on February 8, 1951, he agreed to return to the plaintiff his $6,000. However, that statement is belied by the affidavit of the district manager of the Queens branch of Mack, wherein he states that at the conclusion of the conference in his office on February 8, 1951, '' Benjamin Rastelli, President of Rastelli Contracting Corporation * * * stated his willingness to return the $6,000.00 to plaintiff.'' The district manager further stated that

later on the same day Benjamin Rastelli telephoned him not to make such payment to the plaintiff; that it was his money and that his attorney would notify Mack that the money should not be returned to plaintiff.

Of course, this money was not Rastelli's; it belonged to the plaintiff who should no longer be delayed in his recovery thereof. This case is illustrative of the observations made by Surrogate COLLINS, a Supreme Court Justice in 1931, when he granted summary judgment in *Manhattan Paper Co.* v. *Bayer* (147 Misc. 227, 228–229). He there stated: " Summary judgment is not to supplant trial. The power to bludgeon defenses and to summarily grant judgment upon papers is great, and the caution in exercising the power must be correspondingly great. But when the court becomes convinced that the defense advanced is false or dishonest or devoid of substance or interposed for time-gaining purposes only, it should not hesitate to pronounce judgment accordingly. For the court to announce its helplessness, though it believes that a plaintiff is entitled to judgment, seems to me to unnecessarily confess a weakness in the administration of justice. The sooner litigants realize that false defenses can and will be detected and ejected before trial the fewer will be the attempts to foist such defenses."

The motion is, accordingly, granted.

Submit order.