## (May 22, 1956)

■ MAX STABINS et al., Respondents, v. ERWILL REALTY CORP. et al., Appellants.

*Per Curiam.* A review of the course and conduct of the litigation between these parties makes it clear that the amended complaint was served in bad faith and solely for the purpose of delaying defendants' motion for summary judgment. Accordingly, this pleading should have been disregarded as sham

(*Gordon Corp.* v. *Cosman,* 232 App. Div. 280) and the defendants' motion for summary judgment should have been determined.

Plaintiffs' six causes of action are identical with claims of conversion, usury and fraud set forth as counterclaims and defenses in a prior action between the same parties in the City Court. The judgment of the City Court dismissing those counterclaims and defenses on the merits requires the granting of defendants' motion insofar as it seeks summary judgment dismissing the complaint.

There is no warrant for granting defendants' motion for summary judgment on their counterclaims. It may be noted that the defendants' third and fifth counterclaims for attorneys' fees are in apparent conflict with the judgment of the City Court denying similar claims by the defendants for fees incurred in defending actions brought by the plaintiffs in other courts. Nothing in the lease can be construed to entitle the defendant Erwill to recover legal fees incurred in defense of actions heretofore or hereafter brought by the plaintiffs.

Orders appealed from should be modified so as to grant defendants' motion insofar as it sought summary judgment dismissing the complaint, and as so modified affirmed. Settle order on notice.

Peck, P. J., Rabin, Cox, Frank and Valente, JJ., concur.

Orders unanimously modified so as to grant defendants' motion insofar as it sought summary judgment dismissing the complaint and, as so modified, affirmed. Settle order on notice. [See 2 A D 2d 673.]