Donald S. Taylor, J.
The plaintiff, in her representative capacity, sues to recover the amount allegedly due for work, labor and services performed by her intestate as an employee of the defendant which, after due demand, remains unpaid. She moves for summary judgment pursuant to rule 113 of the Eules of Civil Practice. The defendant denies the employment, the agreed price and reasonable value of the services, that payment was demanded and that the indebtedness exists. In answer to plaintiff’s requests to admit served pursuant to section 322 of the Civil Practice Act, the defendant stated as follows: u Defendant states that the plaintiff’s intestate was employed by the defendant from May 10, 1957 to April 15, 1958 ” and “ Between May 10, 1957 and August 16, 1957 his salary was $200.00 gross and $179.00 net per week. Between August 16, 1957 and December 31, 1957, his salary was $140.00 gross and $125.00 net per week. Between December 31, 1957 and April 15,1958, his salary was $75.00 gross per week.” That such were the agreed prices and reasonable values of such services, that they were rendered at defendant’s request and upon its promise to pay therefor are readily inferable from the admitted facts. The plaintiff concedes that credit for the payment of withholding taxes in behalf of her intestate should be given defendant in the sum of $579.
The plaintiff has made out a case on undisputed material facts and is entitled to summary judgment to the extent of the amount of the unpaid salary which is conceded in the answer to the notice to admit unless the defendant’s cross motion for leave to serve an amended answer alleging the separate defense of payment is permitted to destroy the issues raised by the original *597 pleadings. The defendant’s affidavit submitted in support of the new allegations of the proposed amended answer is insufficient to demonstrate a meritorious defense. (Lunstedt v. Levi, 6 A D 2d 923; Dodwell & Co. v. Silverman, 234 App. Div. 362; Gordon Corp. v. Cosman, 232 App. Div. 280; Fitzgerald Mfg. Co. v. Alexander, 200 App. Div. 164, appeal dismissed 234 N. Y. 608; Goldman v. Leeann Bldrs., 197 Misc. 228; Grapel v. Handel, 88 N. Y. S. 2d 138.) Vague talk about funds given the decedent from time to time with which to meet the salary of defendant’s employees and certain other obligations and about the failure of the decedent to account therefor lead to the conclusion that the proposed amended pleading is not sought to be interposed for the purpose of creating any real issue. Accordingly, the plaintiff’s motion for summary judgment in the amount of $6,006 with interest from the 15th day of April, 1958 is granted and defendant’s cross motion for leave to serve an amended answer is denied.
Submit order.
The papers will be forwarded with the signed order.