THE STATE BANK, Assignee, etc., Plaintiff, Responder.t, *v.* MORRIS MACKSTEIN and NATHAN MACKSTEIN, etc., Defendants, Appellants.

Supreme Court, Appellate Term, First Department, June 26, 1924.

**Judgments — motion by plaintiff for summary judgment pursuant to Rules of Civil Practice, rule 113 — pleadings unverified and affidavits in support of motion indicate affiants had no knowledge of facts — plaintiff not entitled to summary judgment.**

Plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice in an action for goods sold and delivered should be denied where the pleadings are unverified and where the two affidavits submitted by the plaintiff on the motion indicate that the affiants have no knowledge of the facts and set forth nothing to show that the goods in question actually were delivered to the defendants; the defendants are not required to challenge the plaintiff's claim or submit affidavits showing a meritorious defense unless the plaintiff or some person, having knowledge of the facts, first sets forth facts showing a good cause of action and that the defense is without merit.

APPEAL by defendants from an order of the Municipal Court of the city of New York, borough of Manhattan, fourth district, granting summary judgment in favor of plaintiff and from the judgment entered thereon.

*David Henry Rubin,* for the appellants.

*Levy & Levy (M. N. Nobis,* of counsel), for the respondent.

LEVY, J. The plaintiff sued as the assignee of the Kramerlite Co., Inc., for goods alleged to have been sold and delivered to the defendants. The defendants interposed a general denial and also a counterclaim. The pleadings are unverified. Upon motion made by plaintiff, defendants who failed to file a bill of particulars were precluded from offering any testimony at the trial on the counterclaim. Thereafter plaintiff moved the court for summary judgment pursuant to rule 113 of the Rules of Civil Practice, which motion was granted by the trial court. This was clearly error. In order to entitle a party plaintiff to summary judgment under rule 113 of the Rules of Civil Practice the cause of action must be verified by the plaintiff or by any other person having knowledge of the facts and the amount claimed must be stated. The burden of proof is upon the plaintiff to prove the cause of action and to show that the defense is interposed solely for the purpose of delay. The defendants are not under any duty to challenge the claim of the plaintiff or to submit affidavits showing a meritorious defense

unless the plaintiff or another person having knowledge of the facts has set forth such facts showing a good cause of action in the plaintiff and in addition a showing that the defense is without merit. In this case two affidavits were submitted, one by the vice-president of the plaintiff who unquestionably had no knowledge of the facts and set forth nothing which indicated that the goods in question were actually delivered to the defendants; the other by one of the attorneys for the plaintiff who, judging from his affidavit, also had no knowledge of the facts. Plaintiff has thus failed to make out a case entitling it to summary judgment under rule 113 of the Rules of Civil Practice.

Judgment and order reversed and a new trial ordered, with ten dollars costs to appellants to abide the event.

BIJUR, J., concurs; MULLAN, J., concurs in the result.

Judgment and order reversed and new trial ordered.