YOUSTIN Y. LONSKY, Respondent, *v.* THE BANK OF UNITED
STATES, Appellant.

First Department, April 8, 1927.

Judgments — summary judgment — under Rules of Civil Practice, rule
113, there must be prima facie proof by affidavit of cause of action —
motion denied for failure of such proof in action for breach of contract
by defendant bank to transmit money to Russia.

On a motion for summary judgment under rule 113 of the Rules of Civil Practice,
there must be supporting affidavits proving the cause of action by affiants who
speak with knowledge.

Accordingly, summary judgment must be denied in this action for breach of an
agreement by defendant bank to transmit money to Russia and to deliver a
bank book to a named person in said country, in which, although the allegations
of the complaint are not stated to be on information and belief, it is obvious that
the plaintiff could have no personal knowledge of the failure to transmit the
money or to deliver the bank book, and the only support to the complaint is the
testimony given before trial by an officer of the defendant that the money had
been sent to the bank's representative in Russia who could not state on personal
knowledge whether this agent had deposited the money or caused the bank book
to be delivered to the designee.

APPEAL by the defendant, The Bank of United States, from an
order of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York
on the 23d day of July, 1926, granting plaintiff's motion for summary
judgment under rule 113 of the Rules of Civil Practice, and also
from a judgment entered in said clerk's office on the 24th day of
July, 1926, pursuant to said order.

*Bernard Hershkopf* of counsel [*Isidor J. Kresel* and *H. Louis
Jacobson* with him on the brief], for the appellant.

*Anton Gronich* of counsel [*Samuel Herbsman* with him on the
brief; *Anton Gronich,* attorney], for the respondent.

PROSKAUER, J.   The plaintiff alleges an agreement by the defend-
ant, in consideration of a stated sum, to transmit 5,000 rubles in
the plaintiff's name to the Government Savings Bank in Moscow
and to deliver a bank book evidencing this deposit to a named
person in Russia; that the defendant failed and neglected to transmit
this money, and that the plaintiff rescinded and demanded back the
consideration.   For a second cause of action, the plaintiff alleges
a similar transaction for the transmission of 10,000 rubles.   The
answer denies all the material allegations of the complaint.   While
the allegations in the complaint are not stated to be on information
and belief, it is obvious that the plaintiff can have no personal

knowledge of the failure to transmit the money or to deliver the bank book in Russia. The only support to the complaint adduced on this motion was the testimony given before trial by an officer of the bank, that the money had been sent to the bank's representative in Russia, but that he could not state on personal knowledge whether this agent had deposited the money in the savings bank or caused the bank book to be delivered to the designee. The justice at Special Term granted the motion on the ground that the defendant had presented nothing to support its denials.

Rule 113, however, is not intended to shift the burden of proof. The rule specifically requires a moving affidavit " of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action." As is stated by CARDOZO, J., in *Curry* v. *Mackenzie* (239 N. Y. 267): " There must be supporting affidavits proving the cause of action, and that clearly and completely, by affiants who speak with knowledge." It is only when such *prima facie* proof is made that judgment may summarily be ordered upon the defendant's failure affirmatively to show the existence of a triable issue.

The judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed, with costs, and motion for summary judgment denied, with ten dollars costs.