Max Z. Hurwitz, as Receiver for Hudson Royal, Inc., Plaintiff, *v.* Corn Exchange Bank Trust Company, Defendant.*

Municipal Court of New York, Borough of Manhattan, Tenth District, October 26, 1931.

*Clarence Horwitz*, for the plaintiff.

*Laughlin, Gerard, Bowers & Halpin [Henry M. Carpenter* of counsel], for the defendant.

Watson, J. The function of rule 113 of the Rules of Civil Practice is to permit the striking out of an answer in an action to recover a debt or liquidated demand and the entry of judgment unless the defendant by affidavit or other proof shall show facts which are sufficient to entitle him to defend the action. A cause of action for a liquidated amount, paid out on a forged check, comes within the purview of the rule. (*Conners Car Co.* v. *Manufacturers' & Traders' Nat. Bank of Buffalo*, 124 Misc. 584; affd., 214 App. Div. 811; *Fallick* v. *Amalgamated Bank*, N. Y. L. J. July 23, 1931, Schmuck, J.)

This action is brought by plaintiff, as receiver of Hudson Royal, Inc., a foreign corporation, to recover the sum of $1,000 paid by defendant on a check bearing a forged indorsement, from the moneys belonging to the plaintiff which were deposited in defendant's bank.

The allegations of the complaint in substance are: That prior to March 15, 1930, Carmen T. Choy and Howard Wong deposited to their credit with the defendant in its Chatham Square Branch, moneys amounting to more than $1,000, which defendant agreed to return to them on demand or to pay out to them on their proper order; that the money so deposited with the defendant to the credit

*Affd., Appellate Term, First Department, January, 1932, term.

of Choy and Wong belonged to and was owned by Hudson Royal, Inc.; and that defendant misapplied the said sum of $1,000 by paying the same to persons unknown to the plaintiff upon a check purporting to be indorsed by the payee thereof.

The defendant admits that Choy and Wong were depositors at its Chatham Square Branch and that moneys on deposit to their credit were subject to payment upon their order. It denies the other allegations of the complaint and sets up a further defense that if the facts stated in the complaint are true, Choy, whose signature appears under the indorsement of Patrick M. Kelly, the payee of the check, guaranteed the signature of the payee as agent of Hudson Royal, Inc. Plaintiff now moves for summary judgment on the ground that the opposing affidavit sets up no facts which would raise an issue warranting a trial of the action.

The preliminary requirement of the rule is that the affidavit supporting the motion for summary judgment must be made by the plaintiff or by any other person having knowledge of the facts, verifying the cause of action.

The cases interpreting the rule hold that such affidavit must prove the cause of action clearly and completely and shall be made by an affiant who speaks with knowledge. (*Curry* v. *Mackenzie*, 239 N. Y. 267; *Abercrombie & Fitch Co.* v. *Colford*, 123 Misc. 138; *Lonsky* v. *Bank of United States*, 220 App. Div. 194; *United States* v. *Stephanidis*, [D. C.] 41 F. [2d] 958.)

The rule is not intended to shift the burden of proof and " it is only when such *prima facie* proof is made that judgment may summarily be ordered upon the defendant's failure affirmatively to show the existence of a triable issue." (*Lonsky* v. *Bank of United States*, 220 App. Div. 194, 195; *State Bank* v. *Mackstein*, 123 Misc. 416; *Jacobs* v. *Korpus*, 128 id. 445.)

The affidavits supporting this motion are made by the plaintiff, as receiver, and one Edward Orenge, his auditor, and also by Patrick M. Kelly, who states to the best of his knowledge, information and belief, that he is the payee of the check bearing the forged indorsement. It is quite evident that neither the receiver nor his auditor could have personal knowledge of the facts, and their affidavits considered with paragraph " 9th " of the complaint clearly show that such knowledge as they possessed regarding the transaction was derived from other sources. The only persons who could have first-hand knowledge of the facts are Choy and Wong, the individuals in whose names the account in the bank was carried, and the officers and employees of the defendant bank. These reasons alone are sufficient to defeat plaintiff's action.

Aside from this technical defect in plaintiff's application, there

are material issues in dispute which cannot be disposed of on affidavits. The bank account from which the amount was paid by the check bearing the alleged forged indorsement was opened and maintained in the names of Carmen T. Choy and Howard Wong, and payments therefrom were made upon checks bearing the signatures of these individuals. There is nothing in the moving affidavits which tends to show that the bank was informed or had knowledge that the account which was carried in that manner was belonging to or maintained for the benefit of Hudson Royal, Inc., the corporation in whose behalf recovery is sought in this action. Nor is it clear from Patrick M. Kelly's own affidavit in support of this motion that the Patrick M. Kelly who indorsed the check was not the Patrick M. Kelly to whose order the check was drawn and who it was intended as the proper person to indorse that check.

Furthermore, below the indorsement of Patrick M. Kelly the undisputed signature of Carmen T. Choy appears. Upon plaintiff's own theory that the moneys deposited by Choy and Wong, and over which they had control, belonged to Hudson Royal, Inc., Choy was the agent of the corporation and his signature underneath the indorsement of Patrick M. Kelly was a guaranty of the genuineness of Kelly's signature.

The plaintiff having failed to meet the requirements of the rule in the manner indicated, and material issues of fact having been presented which can be determined only upon a trial of the action, the motion for summary judgment is denied, with ten dollars costs.