[Civ. A. No. 3593. Appellate Department, Superior Court, County of Los Angeles.—April 12, 1937.]

SAMUEL B. GARDENSWARTZ, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES (a Corporation), Appellant.

Newlin & Ashburn and Ray G. Coleman for Appellant.

Philip Goodman for Respondent.

SHAW, P. J.—Plaintiff made a motion for summary judgment under section 437c of the Code of Civil Procedure, which provides in part as follows: ''when an answer is filed, . . . if it is claimed that there is no defense to the action, on motion of the plaintiff, . . . supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out and judgment may be entered, in the discretion of the court, unless the defendant, by affidavit or affidavits, shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend''. In support of his motion plaintiff presented two affidavits and defendant filed one affidavit in opposition. The motion was granted and defendant appeals.

It is contended by plaintiff that the affidavit filed by defendant was insufficient to defeat the motion, and this contention must be sustained. Section 437c requires as to defendant's affidavits: ''The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto.'' The affidavit for defendant here states the contents of certain writings by giving their purport but not their words. This does not comply with the provision above quoted in that no showing of competency is made. As

a witness the affiant could not competently give such testimony, over proper objection, there being no showing of loss of the writings or other circumstances which would excuse production of the originals. (Code Civ. Proc., secs. 1855, 1937.) A proper objection to such testimony would go to its competency. To make an affidavit sufficient under section 437c, as to any writing to be shown thereby, unless such affidavit shows a case where the other sections above referred to authorize a different course, the affiant must attach to it the original of such writing or, possibly, attach to or set forth in it 'a verified or certified copy of the writing. There is authority elsewhere that the latter course would be sufficient (*MacClure* v. *Noble*, (1932) 259 Mich. 601 [244 N. W. 174]), but we need not decide the question, as in this case neither course was followed.

The affidavit filed by defendant also sets forth certain statements said to have been made by persons other than the affiant or any party to this action. But one of these persons is named, and the statements of the others are lumped together in one general allegation. All this is hearsay and may even be hearsay in the second or some greater degree, for the affidavit does not say that any of these persons made their statements to the affiant. Such testimony would, of course, be incompetent. The affiant avers that these persons have refused to make affidavits, but does not show that he personally knows even this fact. This court suggested in *Cowan O. & R. Co.* v. *Miley P. Corp.*, (1931) 112 Cal. App. (Supp.) 773, 781 [295 Pac. 504], that there might be cases where the court, in the exercise of its discretion, should deny a motion for summary judgment even though the defendant was unable to make such a showing as the statute requires. Such a case might exist where the facts of the defense were not within the defendant's knowledge and other persons who knew or claimed to know them refused to make affidavits to be used in opposition to the motion. But to appeal to the court's discretion in such a case, the defendant should at least present an affidavit by someone who states of his own knowledge that such other persons do know or claim to know the facts and have refused to make affidavits, and such affidavit ought to name the other persons and set forth what each one knows or claims to know, in manner similar to an affidavit for continuance

on the ground of absence of witnesses. Here there was no such affidavit.

The affidavit for defendant does properly set forth a conversation that the affiant had with plaintiff in which plaintiff made certain admissions, but we see nothing therein which would constitute a defense to this action.

■ But in spite of this insufficiency of defendant's affidavit, the motion for summary judgment should have been denied for insufficiency of the affidavit of plaintiff. Section 437c of the Code of Civil Procedure, already referred to, provides that "The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto." Under this provision, summary judgment for plaintiff cannot be ordered, even though affidavits for the defendant be insufficient or absent, unless the plaintiff presents affidavits in support of his motion which comply with the section and show that he is entitled to judgment. (See *Berick* v. *Curran*, (1935) 55 R. I. 193, 198 [179 Atl. 708]; *Lonsky* v. *Bank of U. S.*, (1927) 220 App. Div. 194 [221 N. Y. Supp. 177]; *State Bank* v. *Mackstein*, (1924) 123 Misc. 416 [205 N. Y. Supp. 290]; *MacClure* v. *Noble, supra.*)

Plaintiff's own affidavit sets forth the provisions of the policies sued on by their legal effect only, without any showing to excuse production of the originals. The provisions of section 437c regarding the form of affidavits for the plaintiff are substantially the same and must have the same effect, so far as the presentation of writings is concerned, as those relating to affidavits for the defendant which we have already considered and construed. Hence the plaintiff's affidavit is insufficient in this respect, if any showing therein of the provisions of the policies is required. ■ However, we think such showing is not necessary in this case. The complaint herein alleges the policies sued on by their legal effect and the answer sets forth their exact language, and denies the execution of policies in any other terms. We see no difference in substance, so far as this case is concerned, between the legal effect of the policies, as set forth in the complaint, and

the exact words thereof, as copied in the answer. There is, in reality, no issue in the pleadings as to the issuance of the policies to plaintiff, or their terms. Consequently, the plaintiff was under no necessity of saying anything about these matters in his affidavits supporting his motion for summary judgment. ■ As to the substance of such affidavits, section 437c requires merely that they "must contain facts sufficient to entitle plaintiff to a judgment in the action". This provision must be construed with other provisions of the code *in pari materia,* even though it is a later enactment, and with the rule in mind that repeals by implication are not favored. Section 462 of the Code of Civil Procedure provides that, "Every material allegation of the complaint, not controverted by the answer, must, for the purposes of the action, be taken as true;". Nothing in section 437c purports to be an express repeal of this provision, nor do we see any reason for deriving from it a repeal by implication.

■ According to the terms of section 462, a fact admitted in the answer becomes an established fact *for the purposes of the action.* (*Welch* v. *Alcott,* (1921) 185 Cal. 731, 754 [198 Pac. 626].) At a trial of the action the plaintiff need not prove such a fact and the defendant cannot dispute it, nor can it be overcome even by a contrary finding. (*Beatty* v. *Pacific States S. & L. Co.,* (1935) 4 Cal. App. (2d) 692, 698 [41 Pac. (2d) 378] ; see 21 Cal. Jur. 156, 157 for citations of other cases so construing sec. 462.) ■ The affidavits on a motion for summary judgment do not constitute a second set of pleadings in the action. Their purpose is only to show whether the issues apparently made by the formal pleadings are genuine, whether each party has competent evidence to offer which tends to support his side of the issue. On the hearing of such a motion no issues are tried, but the inquiry is limited to the question whether there is an issue to be tried. (*Cowan O. & R. Co.* v. *Miley Pet. Corp.,* (1931) 112 Cal. App. (Supp.) 773 [295 Pac. 504] ; *Krieger* v. *Dennie,* (1932) 123 Cal. App. (Supp.) 777 [10 Pac. (2d) 820].) If the motion is denied for insufficiency of the plaintiff's affidavits, he will not be required, at the trial which must follow, to prove any fact covered by the quoted provision of section 462, because there is no issue regarding it. Why then should he be required to show his ability to prove it, at a hearing intended merely

to disclose the reality or unreality of the issues made? Section 462, if applicable here, relieves him from doing so. By its terms it covers such a case, and nothing in the language of section 437c demands that such a case be excluded from the operation of section 462; nor is such exclusion required by the purpose or spirit of said section 437c. If either party finds, on the hearing of such a motion, that his pleading is not adequate, either by way of allegation or denial, the court may and should permit him to amend; but in the absence of some request for amendment there is no occasion to inquire about possible issues not raised by the pleadings.

 But we find other fatal defects in the affidavits for plaintiff. This is an action on three policies insuring plaintiff against total and presumably permanent disability. The answer denies plaintiff's disability and denies that he made due proof thereof, as required by the policies. In support of his allegations in these respects plaintiff presented two affidavits, one by himself and one by a physician. Regarding his disability, plaintiff averred only that "affiant developed heart trouble and became wholly, totally, and presumably permanently disabled as defined in the aforementioned policies". All of this except the statement as to development of heart trouble is manifestly a mere conclusion. The physician stated that plaintiff had "coronary artery disease, osteoarthritis of the spine, and prostate obstruction" and that his physical condition is such that he "is disabled and unable to engage in any occupation or perform any work for compensation of financial value", but mentioned no act or work which plaintiff either could or could not do. The last quoted statement is substantially a copy of the language used by the policies in defining a total disability. It is a conclusion or opinion and goes beyond the scope of testimony which could properly be given by a medical expert, both because it is directed to the ultimate fact in issue (*People* v. *Crossan,* (1927) 87 Cal. App. 5, 16 [261 Pac. 531]; *Thomason* v. *Hethcock,* (1935) 7 Cal. App. (2d) 634, 637 [46 Pac. (2d) 832]; *United States* v. *Spaulding,* (1935) 293 U. S. 498, 506 [55 Sup. Ct. 273, 79 L. Ed. 617]; *United States* v. *Hibbard,* (C. C. A. 9th, 1936) 83 Fed. (2d) 785, 786), and because it includes a conclusion beyond the field of medical science, that is, what work would produce "compensation of financial value". (*United States* v. *Sauls,* (C. C. A. 4th, 1933) 65 Fed.

754

(2d) 886, 887; *Rackoff* v. *United States,* (C. C. A. 2d) 78 Fed. (2d) 671, 673.) Section 437c requires that affidavits presented on a motion for summary judgment, whether by plaintiff or defendant, set forth the facts ''with particularity'' and show that such facts are within the personal knowledge of the affiant and that he can *competently* testify thereto if sworn as a witness. Neither conclusions of law, nor conclusions of fact, nor so-called ultimate facts are sufficient to satisfy the requirements of this section. It requires the presentation in the affidavits of *evidentiary facts* sufficient to show a cause of action or a defense, as the case may be. (*Cowan O. & R. Co.* v. *Miley Pet. Corp.,* (1931) 112 Cal. App. (Supp.) 773, 780 [295 Pac. 504].)

 As to the proof of disability, plaintiff says that he caused his physician to ''send in a report of such disability to defendant'' and that plaintiff has ''on various dates since, submitted to defendant notice and proof of his condition'', not stating the contents of any such report, notice or proof. No inference of due proof can be drawn from this statement. The physician states that on June 22, 1935, he gave defendant ''notice of said disability hereinbefore set forth, in writing'' and that on various dates since he ''submitted further written reports'' to defendant ''concerning his [plaintiff's] disability''. No copies of any of these reports or notices are set forth or attached, although they were in writing. The affidavits are therefore insufficient in this respect for the reasons already stated in discussing the failure of defendant's affidavit to show the contents of writings relied on.

 Besides its appeal from the judgment defendant has taken an appeal from the order directing the entry of a summary judgment. This order was made before judgment, and as it is not in the list of appealable orders set forth in section 983 of the Code of Civil Procedure, the appeal therefrom must be dismissed. The order for summary judgment cannot be regarded as in itself a judgment, as appellant contends. It directs what the judgment shall be and amounts to the rendition of judgment, but it is not itself the judgment.

The judgment appealed from is reversed and the municipal court is directed to vacate its order granting plaintiff's motion to strike the answer and cross-complaint and enter judgment for plaintiff, and its order purporting to amend

said order. The appeal from the order granting plaintiff's motion to strike the answer and cross-complaint and enter judgment for plaintiff is dismissed. Appellant shall recover its costs of appeal herein.

Schauer, J., concurred.

A petition for a rehearing of the above-entitled cause was denied on May 4, 1937, and the following opinion then rendered thereon:

THE COURT.—Appellant's petition for a rehearing after judgment in the above-entitled cause having been filed, and said petition having been duly considered, it is now ordered that the said petition be, and the same is, hereby denied.

### MEMO.

■ Defendant, by petition for rehearing, contends that the portion of the affidavit filed by it which sets forth a conversation with plaintiff shows a defense. The claim is that admissions made by plaintiff in this conversation support affirmative defenses pleaded in the answer to the effect that after the policies in suit had lapsed for nonpayment of premiums plaintiff made material misrepresentations of fact in applications upon which the policies were reinstated. This argument was not very clearly made before submission of the appeal, but assuming that it has been properly presented, we find nothing whatever in the affidavit for defendant in regard to these applications for reinstatement. Defendant cannot rely on the rule stated by us that the affidavits on motion for summary judgment need not cover facts admitted by the pleadings, for these affirmative defenses are, by the terms of section 462 of the Code of Civil Procedure, deemed controverted by plaintiff, without any further pleading. ■ It is true that, since copies of these applications for reinstatement were attached to the answer, their genuineness and due execution are, by virtue of the provisions of section 448 of the Code of Civil Procedure, deemed admitted unless the plaintiff filed an affidavit denying the same. We are not informed by the record that there was no such affidavit; and the burden being on appellant to show error, we must presume that there was such an affidavit, and that so far as this matter was concerned the lower court properly held that

defendant made no sufficient showing of a defense. More-over, the facts that the policies had lapsed, and that defend-ant relied on these applications and reinstated the policies on them were necessary parts of these defenses and would not be admitted by a mere admission of the genuineness and due execution of the application.

Defendant further requests that we pass upon the jurisdictional question raised in argument, and for the pur-poses of further proceedings in the municipal court we state our opinion thereon. This action was begun in the municipal court, by filing a complaint which stated a case clearly within the jurisdiction of that court. In addition to its answer, in which fraud of the plaintiff in procuring two of the origi-nal policies and all of the reinstatements above mentioned was pleaded, defendant filed a cross-complaint against plaintiff, in which the same fraud was pleaded and defendant prayed for cancellation of the disability insurance and of insurance of plaintiff's life against death by accident, contained in the policies sued on by plaintiff, and for reformation of the policies by striking those provisions therefrom. Plaintiff's wife was also made a defendant to this cross-complaint, on allegations that she was the beneficiary of the insurance on his life. Defendant contends that this cross-complaint was beyond the jurisdiction of the municipal court, and, appar-ently, that by its filing that court was ousted of jurisdiction of the action. The jurisdiction of that court over the case stated by plaintiff's complaint is not and cannot be questioned.

In so far as the cross-complaint is directed at the plaintiff, it is within the jurisdiction of the municipal court, for it states in effect merely equitable defensive matter, tending to show that plaintiff is not entitled to recover anything on the policies by reason of his fraud. (Code Civ. Proc., sec. 89, subd. 3, as amended in 1933.) The prayer of the cross-complaint for cancellation of these portions of the policies does not change this situation. (*Jacobson* v. *Superior Court*, (1936) 5 Cal. (2d) 170, 173 [53 Pac. (2d) 756].) The case of *Brix* v. *Peoples Mut. Life Ins. Co.*, (1935) 2 Cal. (2d) 446, 449 [41 Pac. (2d) 537], is distinguishable from the case at bar because there the action was begun *in the superior court* on a complaint stating a case within the jurisdiction of the municipal court only, and thereafter the defendant filed in the same court a cross-complaint similar to that now

before us, which was within the sole jurisdiction of the superior court, and it was held that the filing of this cross-complaint gave the superior court jurisdiction of the case. The case of *Coggins* v. *Superior Court,* (1932) 127 Cal. App. 412 [16 Pac. (2d) 148], is like the Brix case. Moreover, as pointed out in *Jacobson* v. *Superior Court, supra,* the Brix case arose before the 1933 amendment to section 89 of the Code of Civil Procedure, which was held in the Jacobson case to have extended the jurisdiction of the municipal court over equitable issues.

■ As to plaintiff's wife, the cross-complaint attempts to plead, not defensive matter, but a new equitable action beyond the jurisdiction of the municipal court. Whether she is a necessary party to the cross-complaint we cannot determine from that pleading or any other part of the record, as the full provisions of the policies are not set forth therein, and it does not appear what interest she has as beneficiary, nor whether such interest is vested so as to require her participation in an action for their cancellation. We know of no authority for holding that under such circumstances the mere filing of a cross-complaint naming her as a cross-defendant ousted the municipal court of jurisdiction of plaintiff's cause of action or of the action as appearing up to that time.

■ Although section 396 of the Code of Civil Procedure has not been discussed in argument, it is pertinent to the matter involved. As amended in 1935 it provides that "if an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject-matter thereof as determined by the complaint or petition, and it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action or proceeding, . . . or of a cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceeding . . . to a court having jurisdiction thereof." It does not appear from the pleadings here that the determination of the action or the cross-complaint will involve the determination of questions not within the jurisdiction of the court. If on a trial or other proceeding the full provisions of the policies should be presented to the trial court and it should appear

therefrom that the plaintiff's wife is a necessary party to the determination of defendant's cross-complaint against plaintiff, the trial court should proceed as required by section 396 of the Code of Civil Procedure. See *Alpers* v. *Bliss,* (1904) 145 Cal. 565, 570, 571 [79 Pac. 171] ; *Ambassador Petroleum Co.* v. *Superior Court,* (1930) 208 Cal. 667, 672 [284 Pac. 445] ; *Estate of Visaxis,* (1928) 95 Cal. App. 617, 621 [273 Pac. 165].