■ GEORGIA-PACIFIC CORPORATION, Appellant, v. FORT PIT SUPPLY, INC., et al., Respondents, et al., Defendants.— Order, entered on April 22, 1969, denying plaintiff's motion for summary judgment, without prejudice to renewal, dismissed as academic, it having been superseded by the order entered on June 5, 1969, denying reargument (actually renewal) which latter order is reversed on the law, with $50 costs and disbursements to the appellant, and motion for summary judgment granted as to liability and an assessment of damages directed. The order, entered on June 30, 1969, denying a later motion for reargument, is dismissed as nonappealable. (*Matter of Suffolk Pines* v. *Harwood*, 10 A D 2d 867.) Plaintiff's claim for the agreed price and reasonable value of merchandise sold, delivered to and accepted by defendant, Fort Pit Supply, Inc., and its claims against the remaining defendants-respondents, which are based upon written guarantees of the debt due from defendant, Fort Pit Supply, Inc., to plaintiff have been sufficiently established by the evidentiary facts contained in plaintiff's affidavits. The affidavit of plaintiff's office manager, which swears to the accuracy of a statement of account, annexed thereto, and which is not controverted, except as to the amount owing, is sufficient to establish plaintiff's claims. Defendants, in their answer, admit purchase of the merchandise, but deny the reasonable value thereof and raise several defenses which are either insufficient in law or unsupported by facts submitted in opposition to the motions. Defendants' conclusory affidavits are likewise insufficient insofar as they attempt to establish a claim of fraud in the inducement in order to avoid the effect of their written guarantees. Since the only issue presented pertains to the agreed price or reasonable value of the merchandise sold and delivered, a full trial is unnecessary, as such issue can be determined upon an assessment of damages. (*General Phoenix Corp.* v. *Cabot*, 300 N. Y. 87, 95.) Concur — Capozzoli, Markewich and Nunez, JJ.; Eager, J. P., dissents in the following memorandum: I would affirm the orders which are appealed. The plaintiff's complaint did not set forth and number the items of its claim for goods sold and delivered, with a statement of the reasonable value or agreed price of each item. (See CPLR 3016, subd. [f].) Under the circumstances, the defendants were not obliged to specifically indicate in their answer those items which they disputed and whether in respect of delivery, reasonable value or agreed price. The answer as served was sufficient to put plaintiff to its proof on its cause of action and Special Term, in its denial in the first instance of plaintiff's motion for summary judgment, correctly held that plaintiff's burden had not been met. The making of the summary judgment application did not have the effect of shifting the burden

of proof. (See *Lonsky* v. *Bank of United States*, 220 App. Div. 194.) Plaintiff was bound to present competent evidentiary data establishing its cause of action. (See *Wolf* v. *Heating Maintenance Corp. of N. Y.*, 20 A D 2d 861; *Colonie Mohawk Corp.* v. *Gilbert & Barker Mfg. Co.*, 15 A D 2d 841, mod. 17 A D 2d 750; *Morgan* v. *Springer*, 12 A D 2d 626; *O'Connor-Sullivan* v. *Otto*, 283 App. Div. 269.) Consequently, Special Term correctly held that the "facts essential to establish a prima facie cause of action are not established by persons having personal knowledge of all the material facts"; and properly gave the plaintiff the privilege of renewal of the motion "on affidavits by persons with knowledge establishing each and every fact required to make out a good case." Then, upon a renewal of the motion, Special Term correctly pointed out: "The party moving for summary judgment has the burden to produce evidence as upon a trial (*Besdin* v. *Casciano*, 206 N. Y. S. 2d 269). He must, in the first instance, set forth evidentiary facts as shall establish the cause of action sufficiently to entitle them to judgment as a matter of law. Anything less requires the denial of the motion even if the opposing papers are insufficient for the deficiency in the affidavits on both sides cuts against the moving rather than the opposing party (*O'Connor-Sullivan, Inc.*, v. *Otto*, 283 App. Div. 269, 272). The affidavit by plaintiff's attorney on factual matters has no probative weight and is hearsay. The affidavit by the manager that the statement of account annexed is correct would not be admissible at trial, and is not evidence of the facts (see CPLR 4518)." In the latter statement, Special Term was unquestionably correct. The affidavit of the office manager is merely conclusory and, in any event, the statement of account referred to did not set forth and describe any of the items of the merchandise or the reasonable value or agreed price of each particular item. Finally, Special Term was entirely correct in denying the motion for a second reargument, inasmuch as no additional proofs were submitted by plaintiff and it was not shown "that the court overlooked any decision or principle of law or misapprehended the facts." The plaintiff's remedy in this case was to renew the application for summary judgment upon proper proof of its cause of action rather than to burden this court with an appeal. Incidentally, the setting of this case down for an assessment of damages accomplishes nothing. The plaintiff will still have to prove its account in its entirety, including delivery of particular items of merchandise and the reasonable value of each item. It is well settled "The relief afforded by summary judgment is therefore illusory. No time or effort of either the court or the litigants is spared by resort to it." (*Youssoupoff* v. *Columbia Broadcasting System* [concurring op. Steuer, J.], 19 A D 2d 865, 866). Consequently, in accordance with the decisions of this court, the denial of summary judgment should be sustained. (See *Schwartz* v. *New England Mut. Life Ins. Co. of Boston*, 20 A D 2d 688; *Harold Ohringer, Inc.* v. *Kass*, 28 A D 2d 1117.) Actually, the determination of this court reversing the orders of Special Term with a direction for assessment of damages is tantamount to granting the plaintiff a preference to which it is not entitled.