Filed 6/24/16  Hornsby v. Deutsch Bank Nat. Trust CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANNETTE HORNSBY,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST et al.,<br><br>        Defendants and Respondents. | **A141450**<br><br>**(San Francisco County<br>Super. Ct. No. CGC-12-520585)** |

Annette Hornsby sued respondents alleging they had wrongfully foreclosed on property she had purchased in San Francisco.[1]  First American and Deutsche Bank successfully moved for summary judgment on Hornsby's second amended complaint.  Li and Jiang, who had purchased the property after foreclosure, filed a demurrer to that complaint and a motion to expunge a lis pendens Hornsby had filed with respect to the property.  The trial court sustained the demurrer without leave to amend and granted the motion to expunge.

Hornsby then filed a series of postjudgment motions seeking to set aside the summary judgments in favor of First American and Deutsche Bank.  These included a

---

[1] Respondents in this appeal are Litton Loan Servicing LP (Litton), Deutsche Bank National Trust Company (Deutsche Bank), First American Trustee Servicing Solutions LLC (First American), Victor Li, and Yao Lun Jiang.  We will generally refer to Litton and Deutsche Bank collectively as "Deutsche Bank."

1

motion under Code of Civil Procedure section 473, subdivision (b) (section 473(b))[2] to set aside the judgments on grounds of inadvertence, mistake, and excusable neglect. The trial court denied all of the postjudgment motions, and Hornsby now appeals.

As we explain, we conclude the trial court did not err in granting summary judgment to First American and Deutsche Bank. In addition, because Hornsby's opening brief makes no specific request for relief against respondents Li and Jiang, we hold she has forfeited any claim of error regarding the trial court's order sustaining their demurrer. Hornsby's failure to file a petition for writ of mandate within 20 days of entry of the order granting Li and Jiang's motion to expunge the lis pendens means that order is now final and unreviewable on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

The issues on appeal are narrow in scope, and therefore we need only summarize the facts of the underlying controversy between Hornsby and respondents. We devote most of our factual statement to the procedural history of the action below. Additional facts relevant to the issues on appeal are contained in the discussion section of this opinion.

*Hornsby's Default and the Foreclosure Proceedings*

In December 2003, Hornsby executed a note secured by a deed of trust on property located at 950 Harrison Street, #207, San Francisco, California (the Property). In 2006, Hornsby stopped making payments on the note. By May 1, 2007, despite having signed a repayment plan, Hornsby was failing to make payments and was in default.

As a consequence, First American initiated nonjudicial foreclosure proceedings. First American conducted the foreclosure sale on December 7, 2009, and the Property was sold to Deutsche Bank as trustee. The trustee's deed upon sale was recorded on December 10, 2009. On May 8, 2013, the Property was sold to third party purchasers Victor Li and Yao Lun Jiang.

---

[2] All statutory references are to the Code of Civil Procedure.

2

*Hornsby's Lawsuit*

Hornsby filed the original complaint in this case on May 7, 2012. She filed a notice of pendency of action (lis pendens) on May 21, 2012, which was recorded on April 23, 2013. On January 25, 2013, she filed an amended complaint.

On September 24, 2013, the trial court granted Hornsby leave to file a second amended complaint (SAC) naming Victor Li as DOE 1, and she filed the SAC three days later. The SAC asserted a single cause of action for wrongful foreclosure against Deutsche Bank as trustee and First American. In the SAC, Hornsby alleged the sale should be set aside and the trustee's deed of sale cancelled, because respondents unlawfully recorded foreclosure-related documents. On December 17, 2013, the trial court granted Hornsby leave to name Yao Lun Jiang as DOE 2. With regard to Li and Jiang, the SAC alleges only that they "are individuals who claim ownership as successor in interest to Deutsche Bank."

*The Motions for Summary Judgment*

On October 3, 2013, Litton and Deutsche Bank filed a motion for summary judgment. First American moved for summary judgment four days later. Hornsby filed no opposition to Deutsche Bank's motion. The trial court granted Deutsche Bank's motion for summary judgment on December 18, 2013, the day it was heard. On December 19, 2013, notice of entry of judgment was served on Hornsby by overnight and first-class mail.

In response to First American's motion, Hornsby filed a separate statement of material facts in dispute on December 27, 2013, and a second separate statement and an opposition to First American's motion on December 30, 2013. First American filed a reply to Hornsby's opposition on January 3, 2014, asking the trial court to strike the opposition because it was untimely and had not been properly served. Hornsby filed a supplemental opposition to First American's motion on January 8, 2014, supported by a declaration and supplemental declaration. The trial court issued a tentative ruling, and the motion was heard on January 16. Hornsby appeared in propria persona, and the court heard argument from her and from counsel for First American. It adopted the tentative

3

ruling and granted the motion. Judgment was entered the same day, and the action against First American was dismissed with prejudice.

*Postjudgment Motions*

On January 17, 2014, Hornsby filed a notice of motion and motion for new trial with regard to the summary judgment entered in favor of Deutsche Bank, claiming she had new evidence which could not have been discovered with reasonable diligence. Deutsche Bank opposed the motion, arguing it did not comply with the procedural requirements of section 659.

On February 19, 2014, 63 days after the Deutsche Bank's motion for summary judgment was granted, Hornsby filed a motion under section 473(b) seeking to set aside the orders granting summary judgment to both Deutsche Bank and First American. In her supporting declaration, Hornsby explained she had been representing herself in the litigation and had "failed to properly calendar the deadline to file and serve a written opposition to either" Deutsche Bank's or First American's motion for summary judgment. With regard to the hearing on Deutsche Bank's motion, she further declared she had "incorrectly and mistakenly made the determination that [she] could present [her] evidence at the December 18, 2013, hearing and that [she] could forgo the filing and serving of any formal written oppositions in advance." As to the hearing on First American's motion, Hornsby stated, "the court held that [she] failed to submit admissible evidence[,]" which she claimed was "inadvertence, mistake and excusable neglect on [her] part." The trial court scheduled Hornsby's motion for new trial and motion to set aside the summary judgments for hearing on March 19, 2014.

On that day, the trial court heard argument on the motions. Hornsby appeared at the hearing with counsel, whom she had engaged in January. The trial court denied Hornsby's motion to set aside the summary judgments, ruling that section 473(b) is not applicable to summary judgment motions and that even if it were, Hornsby had "failed to sustain [her] burden and show mistake, surprise or excusable neglect." It denied as untimely Hornsby's motion for new trial.

4

*Li and Jiang's Demurrer and Motion to Expunge the Lis Pendens*

Hornsby never served Li and Jiang with the summons and SAC, but they voluntarily appeared on December 23, 2013, filing a motion to expunge the lis pendens and a demurrer to the SAC. The trial court granted the motion to expunge on February 11, 2014 and sustained Li and Jiang's demurrer without leave to amend on March 19, 2014. Counsel for Li and Jiang served notice of entry of the order granting the motion to expunge on February 12, 2014. Hornsby did not file a writ petition challenging the order granting the motion to expunge. (See § 405.39 [orders or actions on motions to expunge lis pendens reviewable only by filing petition for writ of mandate].)

*Hornsby's Appeal*

On March 28, 2014, Hornsby filed a notice of appeal. She filed an amended notice of appeal on April 1. Hornsby then filed a notice designating the record in this case. Four days later, the superior court clerk issued a notice to Hornsby's counsel, informing him he had failed to "specify whether [Hornsby] elects to proceed with or without a record of oral proceedings as required by Rule 8.121(b)(1)(C) of the California Rules of Court." Counsel for Hornsby responded by notifying the clerk that Hornsby would be proceeding without a reporter's transcript. Counsel's notice to the clerk states, "Counsel understands that the Court of Appeal will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings."

DISCUSSION

Hornsby challenges the trial court's grant of summary judgment to First American and Deutsche Bank as well as its denial of her motion under section 473(b) to set aside those judgments.[3] We will first address her arguments regarding the propriety of summary judgment and then turn to those regarding her section 473(b) motion.

---

[3] Although Hornsby's notice of appeal states she is also appealing from the order sustaining Li and Jiang's demurrer without leave to amend and the "subsequent Judgment entered," her opening brief makes no arguments directed specifically at Li and Jiang.

5

I.       *The Trial Court Properly Granted Summary Judgment to First American.*

Hornsby contends the trial court erred in granting summary judgment to First American because First American's notice of default violated Civil Code section 2924, subdivision (a)(1).[4]  Before we may address her arguments, however, we must decide whether the record is adequate to permit informed appellate review.  As noted in our statement of facts, Hornsby elected to proceed without a reporter's transcript.  The record consists solely of portions of the clerk's transcript.  We must therefore determine whether the absence of a reporter's transcript of the summary judgment hearing impedes our review.

A.       *Adequacy of the Record*

Where, as here, the record on appeal consists solely of the clerk's transcript, "the appellate court does not presume that the record contains 'all matters material to a determination of the points on appeal,' unless the error claimed appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.)  Our review of an order granting a motion for summary judgment is de novo, but Hornsby still bears the burden of demonstrating error, even though she did not bear the burden in the trial court.  (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)  Although the issues raised by a motion for summary judgment are generally pure questions of law (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1607), the rule requiring a transcript of all relevant proceedings has been applied to what appear to be purely legal issues.

For example, in *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706 (*Rossiter*), the issue on appeal was whether a demurrer was properly sustained, which is normally a pure issue

---

[4] As stated earlier, Hornsby filed her notice of appeal on March 28, 2014.  This was more than 60 days after First American's January 16, 2014 service of notice of entry of summary judgment in its favor.  Although First American has not raised the issue, we note that her notice of appeal would ordinarily be untimely with respect to the grant of summary judgment to First American. (Cal. Rules of Court, rule 8.104(a)(1)(B).)  But assuming Hornsby's February 19, 2014 motion under section 473(b) was valid, it would extend the time for filing the notice of appeal. (Cal. Rules of Court, rule 8.108(c).)  We therefore have appellate jurisdiction over Hornsby's appeal from the grant of summary judgment to First American.

of law.  The record on appeal consisted only of a clerk's transcript, and the parties did not furnish the appellate court with a transcript of the hearing on the demurrer.  (*Id.* at p. 711.)  The plaintiff/appellant contended the defendants had gone beyond the face of the complaint in their demurrer by attaching four exhibits to the memorandum of points and authorities in support of the demurrer.  The record was silent on whether the trial court had been asked to take judicial notice of the exhibits.  Without a transcript of the hearing, the Court of Appeal did not know what arguments had been made in support of and in opposition to the demurrer.  It therefore could not determine whether the defendants' demurrer had extended beyond the face of the complaint.  (*Ibid.*)  The court refused to speculate about whether the trial court had considered the exhibits attached to the defendants' demurrer, and it concluded the plaintiff had failed to affirmatively show error.  (*Id.* at p. 712.)

In this case, a reporter's transcript of the hearing on First American's motion would have assisted our review given the issues First American raised in its reply to Hornsby's opposition to summary judgment.  The reply pointed out that Hornsby's separate statement of claimed disputed facts failed to cite any evidence in support of a number of alleged factual disputes.  In addition, First American objected to some of the documents submitted with Hornsby's opposition, arguing they were not properly authenticated and constituted inadmissible hearsay.  There is nothing in the clerk's transcript showing whether the trial court addressed First American's objections to Hornsby's evidence.  We therefore do not know exactly what documents the trial court considered.  (See *Rossiter, supra,* 88 Cal.App.3d at p. 712 [appellate court could not speculate whether lower court considered exhibits attached to defendants' demurrer].)

B.    *No Error Appears on the Face of the Record.*

Without the reporter's transcript, Hornsby is limited to errors affirmatively shown by the record.  (*In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 316.)  No such error appears on the face of the record before us.  The trial court ruled Hornsby had "failed to

7

submit admissible evidence in her late-filed opposition creating a triable issue of fact."[5] Our review of the record shows First American asserted there were 15 separate undisputed material facts, and its separate statement cited to the evidence in support of its assertions. Of those 15 facts, Hornsby contended 13 were disputed. But her separate statement only cited to evidence supporting the existence of a claimed dispute with regard to five of these facts.[6] Her separate statement therefore failed to comply with section 437c, subdivision (b)(3), which requires that "[e]ach material fact contended by the opposing party to be disputed . . . be followed by a reference to the supporting evidence." (See also Cal. Rules of Court, rule 3.1350(f)(2) [separate statement of party opposing summary judgment must "describe the evidence that supports the position that the fact is controverted"]; *Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 902 [opposing separate statement fails if "it does not include citations to any evidence"].) Hornsby's failure to comply with these requirements was in itself a sufficient ground for granting the motion. (§ 437c, subd. (b)(3) ["Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."].)

---

[5] Although it is not entirely clear from this statement, it appears the trial court did consider the evidence Hornsby submitted despite the tardiness of her opposition. Of course, the court enjoys discretion to disregard late-filed papers. (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765 ["A trial court has broad discretion under rule 3.1300(d) of the Rules of Court to refuse to consider papers served and filed beyond the deadline without a prior court order finding good cause for late submission."].) Thus, even if our reading of the trial court's order granting summary judgment is incorrect, and the court ultimately refused to consider Hornsby's evidence, it would have acted within its discretion in doing so.

[6] For example, First American asserted Hornsby had no factual basis to dispute the validity of the assignment of the deed of trust. In response, Hornsby cited no evidence, stating instead that she "properly alleges no lawful assignments made to which [she] has a lawful obligation." First American also asserted it was the authorized agent of the current beneficiary at the time it executed the notice of default. Hornsby's only response was to claim that none of the documents presented by First American were "certified copies" and that they were "nothing more than photocopies that can be easily manipulated."

Moreover, Hornsby has not met her burden of demonstrating error, because she fails " ' "to point out the triable issues [she] claims are present by citation to the record and any supporting authority. . . ." [Citation.]' [Citation.]" (*Bains v. Moores, supra,* 172 Cal.App.4th at p. 455.) In her opening brief, Hornsby claims the evidence she submitted "contradicts the assignment of rights by the beneficiary Deutsche Bank" and refers to "documentary evidence" on which she is relying. The brief provides no citations to that evidence, however, and we are not obligated to cull the record to identify triable issues of fact. (*Ibid*.) On the record before us, we cannot say the trial court erred in granting summary judgment of First American.

II.     *The Trial Court Properly Granted Summary Judgment to Deutsche Bank.*

Hornsby also contends the trial court erred in granting summary judgment to Deutsche Bank. Before we may reach her arguments, we must resolve an issue of jurisdiction not raised by any party. That is, is Hornsby's appeal timely with respect to the grant of summary judgment to Deutsche Bank? (See *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 106 [timeliness of notice of appeal is jurisdictional issue appellate court must address before reaching merits].)

We asked the parties to address at oral argument the issue of our jurisdiction over Hornsby's appeal from the grant of summary judgment to Deutsche Bank. Our May 16, 2016 order asked "[s]pecifically, was appellant's notice of appeal timely filed?" Following oral argument, we asked the parties to file supplemental letter briefs on two issues relevant to our appellate jurisdiction.[7] Our review of the supplemental briefs and

---

[7] Our May 19, 2016 order requested briefing on the following issues: "(1) Was appellant's notice of appeal timely filed with respect to the grant of summary judgment to respondents Litton Loan Servicing LP and Deutsche Bank National Trust Company? [¶] (2) Assuming the notice of appeal was not timely filed, did any of appellant's posttrial motions extend the time for filing the notice of appeal? In answering this question, the parties should address whether the posttrial motions were 'valid' within the meaning of California Rules of Court, rule 8.108(b), (c), and (e)."

We received supplemental briefs from Hornsby, Deutsche Bank, and Li and Jiang. First American did not respond to our request.

9

the record persuades us that we have jurisdiction over the appeal from the grant of summary judgment to Deutsche Bank.

      A.      *Hornsby Filed a Valid, but Premature, Notice of Appeal.*

      An *order* granting summary judgment is not appealable.  (E.g., *Saben, Earlix & Associates v. Fillet* (2005) 134 Cal.App.4th 1024, 1030.)  The appeal lies from the trial court's entry of *judgment* in favor of the moving party.  (See § 437c, subd. (m)(1) [summary judgment is appealable; party seeking to challenge an order granting summary judgment may petition for a peremptory writ].)

      In this case, the trial court's December 18, 2013 order granting summary judgment stated Deutsche Bank was entitled to summary judgment "because . . . no triable issues of material fact exist such that judgment is proper as a matter of law.  [¶] IT IS ORDERED THAT: [¶] Defendants' Motion for Summary Judgment be granted and judgment be entered in favor of Defendants and against Plaintiff Annette Hornsby.  [¶] **IT IS SO ORDERED.**"  On December 19, 2013, counsel for Deutsche Bank served on Hornsby a document entitled "**NOTICE OF ENTRY OF JUDGMENT**."  It attached a copy of the December 18 order granting summary judgment.  In its supplemental brief, Deutsche Bank argues service of the notice of entry triggered the appeal period, and thus Hornsby was obligated either to file a notice of appeal or to submit a valid postjudgment motion to extend the time to appeal.  There is no dispute that Hornsby did not file her notice of appeal until March 28, 2014, and Deutsche Bank contends none of Hornsby's motions served to extend the time for filing the notice.  Consequently, Deutsche Bank asserts we have no jurisdiction to review the trial court's grant of summary judgment in its favor.

      Hornsby notes, however, that while the trial court's order granting summary judgment was filed on December 18, 2013, it was not until May 6, 2014, that the trial court filed a separate document specifically captioned as a judgment in favor of Deutsche Bank.  The document was prepared by counsel for Deutsche Bank, and it stated Deutsche Bank "shall have judgment against plaintiff and that Defendants [Litton and Deutsche

Bank] are hereby dismissed with prejudice."[8]  Hornsby contends the time for her to file an appeal began to run only once the May 6, 2014 judgment was entered.  Thus, in her view, her March 28, 2014 notice of appeal, while premature, was sufficient to vest this court with jurisdiction over her appeal from the judgment in favor of Deutsche Bank. (See Cal. Rules of Court, rule 8.104(d)(1) ["A notice of appeal filed after judgment is rendered but before it is entered is valid and is treated as filed immediately after entry of judgment."]; *Ung v. Koehler* (2005) 135 Cal.App.4th 186, 192, fn. 2 [where party filed notice of appeal from order granting summary judgment "without waiting for or obtaining formal entry of judgment," appellate court treated appeal as having been taken from a final judgment]; *Irving Nelkin & Co. v. South Beverly Hills Wilshire Jewelry & Loan* (2005) 129 Cal.App.4th 692, 699, fn. 5 [notice of appeal filed before entry of amended judgment valid under rule accommodating premature notices of appeal].)

One might argue that the trial court's December 18, 2013 order served as the judgment.  Its language could be read as ordering that judgment be entered in favor of Deutsche Bank and that entry of judgment was "so ordered" on that date.  (See *Swain v. California Casualty Ins. Co.* (2002) 99 Cal.App.4th 1, 5-6 [order stating that motion for summary judgment is granted "and that judgment shall be entered forthwith in favor of" [defendants] and against plaintiffs" "suggest[s] an intention that the order operate as a judgment"].)  On the other hand, "other features point in the opposite direction[.]"  (*Id.* at p. 6.)  The December 18, 2013 order contains "no express declaration of the ultimate rights of the parties, such as that 'plaintiff[] shall take nothing,' or 'the action is dismissed.' "  (*Ibid.*)  In addition, counsel for Deutsche Bank later drafted a separate document that was explicitly captioned as a judgment, and the trial court signed and filed that document.  (See *Davis v. Superior Court* (2011) 196 Cal.App.4th 669, 673 [defendant's filing of proposed judgment, which court did not sign, showed order granting summary judgment was not final, operative judgment in defendant's favor].)

---

[8] Until Hornsby's supplemental brief directed our attention to this document, it had not been mentioned by any party.

11

Only in the May 6, 2014 judgment did the trial court actually state that Litton and Deutsche Bank were dismissed from the action with prejudice.

In these circumstances, we conclude that " '[t]he order for summary judgment cannot be regarded as in itself a judgment[]. . . . It directs what the judgment shall be and amounts to the rendition of judgment, but it is not itself the judgment.' " (*Collins v. Sutter Memorial Hospital* (2011) 196 Cal.App.4th 1, 13, quoting *Gardenswartz v. Equitable etc. Soc.* (1937) 23 Cal.App.2d 745, 754.)  Our conclusion is "[c]onsistent with the importance of the right to appeal," which requires the entry of a judgment—and not merely an order—before the time for filing a notice of appeal will begin to run.  (*Davis v. Superior Court, supra,* 196 Cal.App.4th at p. 674.)  We deem Hornsby's notice of appeal valid under California Rules of Court, rule 8.104(d)(1).  We therefore have jurisdiction to review the trial court's grant of summary judgment to Deutsche Bank.

B.      *No Error Appears on the Face of the Record.*

Although we have jurisdiction to hear Hornsby's appeal from the grant of summary judgment to Deutsche Bank, her election to proceed without a reporter's transcript of the December 18, 2013 hearing on Deutsche Bank's motion for summary judgment limits our review to errors appearing on the face of the record.  (*In re Marriage of Hall, supra,* 81 Cal.App.4th at p. 316.)  We discern no such error.

Hornsby filed no opposition to Deutsche Bank's motion, but she was present at the December 18, 2013 hearing.  In her motion for new trial, she claimed she had brought newly discovered evidence with her to court on the day of the hearing.  She also asserted the trial court refused to permit her to present the evidence, but we have no way of knowing what the trial court considered, since we lack a reporter's transcript of the proceedings, and the clerk's transcript contains no minute order describing the proceedings.  The trial court's order granting summary judgment states it considered "relevant briefing, argument and evidence presented by the parties[.]"  In the absence of a more complete record, however, we cannot speculate about the evidence upon which the trial court may have relied.  (See *Rossiter, supra,* 88 Cal.App.3d at p. 712 [appellate court could not speculate whether lower court considered exhibits attached to defendants'

12

demurrer].) Thus, Hornsby has not met her burden on appeal of demonstrating the trial court erred. (*Bains v. Moores, supra,* 172 Cal.App.4th at p. 455.)

Moreover, as noted earlier, Hornsby filed no opposition to Deutsche Bank's motion. This necessarily means she failed to comply with the rule requiring her to file a separate statement of disputed material facts. (Cal. Rules of Court, rule 3.1350(e)(2) [opposition to motion for summary judgment "*must consist* of . . . separate statement in opposition"], italics added.) Hornsby's failure to comply with this requirement allowed the trial court, in its discretion, to grant Deutsche Bank's motion. (§ 437c, subd. (b)(3) ["Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."].) "That alone is a sufficient ground to uphold the trial court's grant of the motion." (*Kaplan v. LaBarbera* (1997) 58 Cal.App.4th 175, 179.)

We therefore hold the trial court properly granted summary judgment to Deutsche Bank.

III.    *Hornsby's Challenge to the Denial of Her Section 473(b) Motion Is Unreviewable.*

Hornsby argues she was entitled to relief under section 473(b) from the orders granting summary judgment to First American and Deutsche Bank. She relies on the portion of the statute which states, "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473(b).)

The trial court denied Hornsby's request, and on appeal, "its ruling will not be disturbed in the absence of a demonstrated abuse of . . . discretion." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) Here, our highly deferential standard of review and Hornsby's election to proceed without a reporter's transcript combine to render her claim of error unreviewable. Any examination of her claim "has been

13

thwarted by [Hornsby's] failure to provide us with a transcript of the hearing on the motion . . . .  The absence of a record concerning what actually occurred at the hearing *precludes a determination that the court abused its discretion*."  (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [appeal from denial of § 473(b) motion], italics added.)  Because Hornsby has not provided a transcript of the hearing, "[w]e must therefore presume that what occurred at that hearing supports the judgment."  (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201 [hearing on motion under § 473(b)].)  It is well established that the absence of a reporter's transcript "precludes a determination that the trial court abused its discretion."  (1 Eisenberg, et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2015) ¶ 4:45, p. 4-12.)  Since Hornsby has not provided us with a record adequate to demonstrate an abuse of discretion by the trial court, we must affirm its order.[9]

IV.    *Hornsby Has Forfeited Any Claim of Error Regarding Respondents Li and Jiang.*

Hornsby named Li and Jiang as defendants below, but they were not alleged to have had any role in the wrongful foreclosure.  Similarly, Hornsby's opening brief on appeal makes no claims of error with regard to the lower court's ruling on Li and Jiang's demurrer.  Although Hornsby opposed the demurrer in the trial court, her failure to mention it in her opening brief requires that we treat the issue as abandoned.  (E.g.,

---

[9] We also note that Hornsby did not file her section 473(b) motion until two months after the trial court's entry of summary judgment in favor of Deutsche Bank.  Her supporting declaration provides no explanation for her delay in filing the motion to set aside. Hornsby's memorandum of points and authorities argued only that her motion was timely because it was filed within six months of the trial court's orders granting summary judgment and within five weeks of the grant of summary judgment to First American.

The statute states that the application for relief "shall be made within a reasonable time[.]"  (§ 473(b).)  " 'The moving party has a double burden:  He must show a satisfactory excuse for his default, and he must show *diligence* in making the motion after discovery of the default.' [Citation.]"  (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.)  California courts have found a section 473(b) motion was not made within a reasonable time where there was an unexplained delay of seven weeks in filing the motion.  (*Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1145.)  Thus, although it is not necessary to our decision, Hornsby's lack of diligence in seeking relief provides an additional reason for affirming the denial of her motion with regard to Deutsche Bank.

*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [where plaintiff raised issue in trial court but not on appeal, Supreme Court deemed it waived].)  We are therefore constrained to affirm the trial court's order sustaining the demurrer without leave to amend and the judgment dismissing the action against Li and Jiang.

Hornsby did not file a writ petition challenging the order expunging her notice of lis pendens.  Because such an order is not appealable and may be contested *only* by petition for writ of mandate (§ 405.39), we have no power to review it in connection with this appeal.  (See *Woodridge Escondido Property Owners Assn. v. Nielsen* (2005) 130 Cal.App.4th 559, 577.)  The expungement order is now final, with the result that "title to the property must be treated as though the lis pendens had never been filed." (*Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1871.)  Consequently, Li and Jiang "may now transfer their property as though the lis pendens never existed.  This result functionally makes [Li and Jiang] bona fide purchasers retroactively, since otherwise they could not transfer clear title." (*Ibid.*)

In light of this, we fail to see how we could award Hornsby any relief against Li and Jiang, and her briefs are almost entirely silent on the matter.  In her reply brief, Hornsby claims Li and Jiang are not bona fide purchasers, but she says nothing about the legal effect of the order expunging her notice.  We ordinarily will not consider arguments first raised in a reply brief.  (*In re Groundwater Cases* (2007) 154 Cal.App.4th 659, 693 ["Basic notions of fairness dictate that we decline to entertain arguments that a party has chosen to withhold until the filing of its reply brief, because this deprives the respondent of the opportunity to address them on appeal."].)  Even if we were so inclined, however, Hornsby does not tell us how we could unwind the legal effect of the expungement.

DISPOSITION

The judgments are affirmed.  Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

15

                                                  _____

                                                  Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.